(77 South. 431)

TANNER v. BRYANT. (8 Div. 521.)

(Court of Appeals of Alabama. Nov. 27, 1917.)

1. JUDGMENT ⟐336, 384—PETITION FOR REHEARING — NATURE OF PROCEEDING — STATUTE.

Under Code 1907, § 5373, a proceeding by petition for rehearing in a court of law is not a continuation of the proceedings in the original suit, but a separate and independent suit, partaking of the nature of a bill in equity for relief against a judgment at law, and must be commenced by petition addressed to the judge, stating the matter complained of, with an appropriate prayer for relief.

2. APPEAL AND ERROR ⟐113(1)—FINALITY OF JUDGMENT — JUDGMENT DISPOSING OF PETITION FOR REHEARING—STATUTE.

Under Code 1907, § 2837, as to appeals to the Supreme Court on all final judgments, to review the action of the court denying relief

asked by petition for rehearing in an action at law, the appeal must be prosecuted from the final judgment disposing of the petition.

**3. Judgment ⚮363—Petition for Rehearing—Negligence.**

The party praying relief against the judgment in an action at law by petition for rehearing must show that the judgment was rendered because of accident or mistake on the part of the clerk, unmixed with negligence on his part or the part of his attorney, chargeable to him.

**4. Judgment ⚮386(1) — Motion to Set Aside—Time for Granting—Statute.**

Motion to set aside the judgment of the Morgan county law and equity court, grantable, if at all, under the plenary power of the court to set aside its own judgment for proper cause shown, having been made after the lapse of 30 days from the date of rendition of the judgment, the court was without power to grant it under Loc. Acts 1907, p. 203, § 21, providing that final judgments and decrees rendered in the Morgan county law and equity court shall, after 30 days from rendition, be deemed complete and beyond the control of the court.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

W. D. Tanner sued J. B. Bryant in the justice court and recovered judgment thereon, which was appealed by Tanner to the law and equity court of Morgan county, where judgment was again rendered nil dicit against said Tanner and the sureties on his appeal bond. The judgment was entered February 10, 1916. On May 16, 1916, application was filed by W. D. Tanner to set aside the judgment, in which he alleges that he had a complete defense to the cause of action, that he had never had any notice as to when said cause was set for trial, that he gave a list of witnesses to the clerk in due time, which was placed on file, that his witnesses had never been subpœnaed, and his main witness, W. C. Lloyd, lived near Tanner, and Tanner often asked him if he had gotten any subpœna to attend said trial, as he desired to keep in touch with the case. The court ordered and adjudged that the motion came too late, and the same was dismissed, and Tanner appeals. Affirmed.

Tennis Tidwell, of Albany, for appellant. G. O. Chenault, of Albany, for appellee.

BROWN, P. J. [1-3] If we treat this proceeding as a petition for rehearing under the statute (Code 1907, § 5372), the appeal must be dismissed, for the reason that the appeal in this case is from the judgment nil dicit, and not from the order of the court denying the petition to set aside the judgment. A proceeding by petition for rehearing in a court of law is not a continuation of the proceedings in the original suit, but is a separate and independent suit, partaking of the nature of a bill in equity for relief against a judgment at law, and must be commenced by petition addressed to the judge of the court, stating the matter complained of, with an appropriate prayer for relief. Code § 5373; Evans v. Wilhite, 167

Ala. 587, 52 South. 845; Ex parte Johnson, 60 Ala. 429; Garrett v. Terry, 33 Ala. 514; Pratt & McKenzie v. Keils & Sylvester, 28 Ala. 390. To review the action of the court denying relief in such case, the appeal must be prosecuted from the final judgment disposing of the petition. Code 1907, § 2837; Williams v. Tyler, 14 Ala. App. 591, 71 South. 51. Moreover, if we so treat the case, and the appeal as properly taken, it is clear that the appellant has not acquitted himself of negligence. As was said in Williams v. Tyler, supra, 14 Ala. App. 613, 71 South. 60, the party praying such relief "must show that the judgment was rendered because of accident or mistake on the part of the clerk, unmixed with negligence on her part or the part of her attorneys, whose negligence, if found, must be charged to her." Evans v. Wilhite, supra; Broda v. Greenwald, 66 Ala. 538.

[4] There is nothing in this record showing what, if any, diligence appellant's attorney, Price, had exercised to keep advised of the proceedings, and there was some evidence showing that he was negligent in respect to his mail, and in all probability the notice embodied in the list of cases forwarded through the mails to him by the Presiding Judge was misplaced through such negligence. However, we hold that the proceeding in question was, as treated by the trial court, a motion to set aside the judgment, grantable, if at all, under the plenary power of the court to set aside its own judgments, for proper cause shown, if made within the period such power may be exercised; and, the motion being made after the lapse of 30 days from the date of the rendition of the judgment, the court was without power to grant it. Local Acts 1907, p. 203, § 21.

Affirmed.