**BOOTHE et ux. v. SHAW et al.    (7 Div. 602.)**

(Supreme Court of Alabama.    May 13, 1926.)

1. Equity ⬤=418—Where allegations and exhibits of bill of complaint to reform deed are apt and appropriate, and confessed by default of respondents, trial court must grant relief, and enforce decree by writ of possession.

Where allegations and exhibits of bill of complaint to reform deed are apt and appropriate for relief sought and confessed by default of respondents, trial court must grant relief and enforce decree by writ of possession.

2. Equity ⬤=418—Respondent who ignored summons, and without good excuse neglected to make defense, held to have no standing to avoid resulting decree.

Respondent who ignored summons, and without good excuse neglected to make defense at proper time, *held* to have no standing in court when he sought to avoid resulting decree.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Bill in equity by R. S. Shaw and another against B. M. Boothe and wife. From the decree, respondents appeal. Affirmed.

See, also, 107 So. 814.

The bill of complaint was filed on January 29, 1925, to reform a deed executed by the respondents to the complainants for the conveyance of certain land sold by respondents to complainants, which deed, by mutual mistake in the description of the land, actually conveyed the wrong land.

The bill exhibits the written agreement of sale, and also the deed sought to be reformed, and contains appropriate prayers.

Summonses were issued and duly served on both of the respondents on February 7, 1925; and, on motion of complainants, no answer having been made, a decree pro confesso was rendered against both respondents on March 11, 1925.

The cause was then submitted for final decree on the original bill and exhibits and the decree pro confesso, and on March 21, 1925, a final decree was rendered granting the relief prayed for, with writ of possession, upon complainant's payment to the register of the balance of purchase money ascertained to be due to respondents.

The writ of possession was issued and served on respondents on March 26, 1925, and on the next day respondents filed a motion to set aside the decrees and orders made in the cause, and to be allowed to file an answer, accompanying the motion, which merely denied the allegations of the bill.

On March 31, 1925, respondents filed a document as follows:

"To the Honorable E. S. Lyman, Judge of said Court:

"Comes the respondents, B. M. Boothe and Beatrice Boothe, the respondents in this bill, and substitute the following for their petition heretofore filed, and would now state and show your honor that the cause here was taken and heard in the total absence of the defendants; that they do admit they were served with process, that is, a summons; that the decree was taken, rendered, and heard in the total absence of the defendants, no notice of taking testimony, no notice of a submission, and no other process ever shown or served on the defendants, and upon this showing they each separately and severally state for their defense to the bill, would now state and show your honor, that none of the facts alleged in the bill are true, except some of the preliminaries, but, on the contrary, they would state and show your honor that neither allegations of the bill and not any of the proof is true as to the complainants' right of title or possession against the defendants either by proof or circumstances; that not a deed was ever executed, a contract or any paper by which the complainants were ever given title or the right of possession as alleged in the bill, or as shown by the proof in this cause. Therefore the defendants separately and severally move the court to set aside the decree of March 21, 1925, and then permit the defendants to file their answer, pleas, or cross-bill, and within a date or time to be set by your honor, and in support of this motion defendants do aver the said decree was obtained by fraud, and not a title or a right, either in law, and the defendants pray for their general relief."

---

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This petition was submitted and heard, and was denied on April 2, 1925, in a decree as follows:

"The motion or petition offers no kind of excuse for failure to appear and plead, answer, or demur as required by the summons. It is a plain case of default, without any excuse or explanation. The motion or petition sets forth no irregularity in the process, nor any fraud exercised to procure the decree. The respondents had every opportunity, and it was their duty, to appear as summoned, and make their defense. Nothing is alleged to show that complainants did anything to mislead or lull the respondents into inaction, but it was simply a case of indifference on their part.

"Under these circumstances the court is of the opinion that the motion or petition should be denied, and respondents left to another remedy to correct any miscarriage of justice.

"Reference is made to the sixth headnote in the case of Read v. Walker, 18 Ala. 333, a case directly in point.

"It is, therefore, ordered, adjudged, and decreed by the court that the respondents' said petition or motion to vacate and set aside the final decree and decree pro confesso in this case and to reopen the same for rehearing be, and the same is, denied."

The respondents appeal and assign for error on the record the granting of relief; the issue of the writ of possession; and the denial of respondent's petition.

Pinkney Scott, of Bessemer, for appellants.

The bill has no equity. Wilson v. Miller, 143 Ala. 266, 39 So. 178, 111 Am. St. Rep. 42, 5 Ann. Cas. 724; Youngblood v. Youngblood, 54 Ala. 486; Peeples v. Burns, 77 Ala. 292; Torrent F. E. Co. v. Mobile, 101 Ala. 563, 14 So. 557; Smith v. Cockrell, 66 Ala. 83. The motion and petition to set aside the decree were sufficient. Code 1923, § 6606; 4 Code 1923, p. 933, rule 83.

Leeper, Wallace & Saxon, of Columbiana, for appellees.

The granting or denying of the petition for rehearing is within the unrevisable discretion of the chancellor. Cox v. Brown, 198 Ala. 638, 73 So. 964; Ex parte Gresham, 82 Ala. 359, 2 So. 486; Chenault v. Milan, 205 Ala. 310, 87 So. 537; 4 Code 1923, p. 932, rule 81. No ground for reopening the case is shown, except a neglect to appear. Read v. Walker, 18 Ala. 323. There was no error in the orders on decrees. Houston v. Faul, 86 Ala. 232, 5 So. 433; Bieler v. Dreher, 129 Ala. 384, 30 So. 22; Code 1923, § 6650.

SOMERVILLE, J. [1, 2] The allegations and exhibits of the bill of complaint are apt and appropriate for the relief sought; and, being confessed by the default of respondents, the trial court could not do otherwise than grant the relief and enforce the decree by writ of possession. Nor was there any ground presented upon which the court could have properly granted respondent's petition to set aside the decrees rendered, and allow them to make answer and litigate the cause upon its merits. A party who ignores a summons and, without good excuse, neglects to make his defense at the proper time has no standing in any court when he seeks to avoid the resulting judgment or decree. Read v. Walker, 18 Ala. 324, 333.

The decrees and orders of the circuit court will, therefore, be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.