(124 So. 879)

## MOSAIC TEMPLARS OF AMERICA v. HALL. (6 Div. 418.)

Supreme Court of Alabama. Oct. 24, 1929.

Rehearing Denied Dec. 19, 1929.

C. H. Roquemore, of Montgomery, for appellant.

Hiram Dodd and Frank W. Smith, both of Birmingham, for appellee.

BROWN, J. This is an action on a policy of insurance, issued by the defendant on the 10th day of April, 1923, insuring the life of Roberta Hall, who is alleged to have died on the 8th of March, 1925; the suit being filed on March 4, 1926, the plaintiff demanding a trial by jury.

The record shows that the defendant appeared and filed a demurrer to the complaint on the 23d of March, 1926; that the case was called for trial on March 22, 1928, and, though defendant did not appear, the court considered the demurrer, and sustained it, granting plaintiff leave to amend, and, after amendment of the complaint, the defendant failing to appear and further plead, a judgment was entered for the plaintiff, with writ of inquiry to ascertain the damages, which was executed, the jury assessing the plaintiff's damages at $600, followed by a judgment on the verdict.

On April 6, 1928, the defendant entered on the motion docket a motion to set aside this judgment, verified by affidavit, alleging as grounds therefor that at the time the judgment was rendered its attorney was engaged in attendance upon the Court of Appeals awaiting the submission of a case wherein he represented the appellant, in response to a notice from the adverse party that said cause would be submitted on that day, and it was impossible for its attorney to attend the trial of this case and reach Montgomery in time to be present at the sitting of the Court of Appeals on the same day; that under the policy of insurance, according to stipulations on its face, the plaintiff was not entitled to recover more than $200, if said policy was in force at the time of the insured's death, yet

the plaintiff induced the court to render judgment in her favor for $600; that the policy was not in force and effect at the death of the insured, but was null and void.

Motion was presented to the court on April 7, 1928, and an order was entered continuing the motion to a later date, and ordering a stay of execution pending its disposition, and therefore regularly continued until June 2, 1928, when the following order was made: "It is ordered and adjudged by the Court that on the payment of all costs in the case mentioned in this motion, and costs of the motion, on or before June 23rd, 1928, said judgment mentioned in this motion shall be and stand set aside and the said case reinstated, and that on the failure of the defendant to pay the costs as herein ordered and decreed, this motion shall be and stand overruled."

On June 25, 1928, the court entered the following order: "Came the parties by their attorneys, and it appearing to the Court that defendant has failed to pay the costs on June 23rd, 1928, as ordered by the Court, whereupon, it is ordered and adjudged by the Court that this motion be and the same is hereby in all things overruled."

On December 8, 1928, filed and had approved security for costs of appeal "taken to the Court of Appeals of Alabama by the said Mosaic Templars of America from the judgment against it in said cause, *and from its motion for new trial,*" and errors are assigned in respect to the rendition of the judgment nil dicit, and in overruling the motion to set the same aside, and along with the appeal has submitted, in' the alternative, a motion for mandamus to compel the trial court to set aside the judgment nil dicit.

■ The appellant's first contention is that, inasmuch as the amount of plaintiff's damages was evidenced by the policy of insurance, with interest, a matter of mathematical calculation, the court committed error in ordering a writ of inquiry and submitting the question of the amount of damages to a jury. Under the provisions of the statute, Code 1923, § 7881, "either party may have the damages assessed by a jury;" and plaintiff, having demanded a jury with the filing of the suit, was powerless to waive the jury, without the consent of the adverse party. Ex parte Bozeman, 213 Ala. 223, 104 So. 402.

■ The assignments of error in respect to the ruling on the motion cannot be sustained. An appeal is not authorized from such order; nor can the ruling be assigned as error on the appeal from the judgment nil dicit. Ex parte Gay, 213 Ala. 5, 104 So. 898. The record, so far as it rests upon the appeal from the judgment nil dicit, is free from error, and must be affirmed.

■ Conceding that an appeal from the judgment nil dicit and application for mandamus to review the ruling of the court on the motion may be prosecuted as concurrent remedies is a question of doubt in the mind of the writer for reasons that will appear from the following cases: Lapsley v. Weaver, 44 Ala. 131; Herstein v. Walker, 90 Ala. 477, 7 So. 821—yet we are not of opinion that the mandamus should issue in this case. The motion to set aside the judgment was addressed to the sound discretion of the court, and, unless the movant acquitted itself of negligence, the court may impose reasonable terms, such as the payment of costs, as a penalty for such negligence, though the judgment was in whole or in part unjust. Ewing v. Peck & Clark, 17 Ala. 339; 34 C. J. 377, § 586; 15 R. C. L. 722, § 176.

■ The question of whether or not, on the hearing of the motion, the defendant met this burden, was a question of fact, and the testimony in support of the motion was in part given ore tenus, and, after a careful consideration of all the evidence, we are not convinced that the conclusion of the trial judge was not well grounded.

And, for the same reason, though the motion be treated as an application for rehearing under the four months' statute, it was not error to refuse it. Code 1923, § 9521; Evans v. Wilhite, 167 Ala. 587, 52 So. 845, 850; Tanner v. Bryant, 16 Ala. App. 281, 77 So. 431.

■ We do not hold that costs may be 'taxed as a condition to relief under the four months' statute. Such application is regarded, not as a continuation of the original proceeding, but is an independent suit for relief against the judgment, and must be disposed of without regard to the ability of the complaining party to pay costs. Evans v. Wilhite, supra; Mickle v. State (Ala. Sup.) 21 So. 66.

Affirmed.

SAYRE, THOMAS, and FOSTER, JJ., concur.