80 So.2d 248

Nelson **FANCHER, Jr.,**

v.

Madie V. **FANCHER.**

I Div. 612.

Supreme Court of Alabama.

May 12, 1955.

Wm. C. Taylor, Mobile, for appellant.

490

Harry Seale, Mobile, for appellee.

MERRILL, Justice.

Madie Fancher, the appellee, filed her bill for divorce against appellant, Nelson Fancher, Jr., charging him with adultery and voluntary abandonment. She alleged in her bill that she and appellant jointly owned a house and lot. After the prayer for divorce, the prayer continues, "That the property known as No. 408 Thomas Street, Prichard, Alabama, be set apart for her use or that if she be mistaken in the relief prayed for, that the property be sold and the proceeds of the sale divided after the payment of expenses," and for general relief.

■ The sheriff's return shows that a copy of the bill was personally served on appellant on June 9, 1954. A decree pro confesso was taken on August 16, 1954, testimony was taken on August 19, 1954, and the decree was dated August 25, 1954. In addition to granting the divorce, the decree set apart the house and lot known as No. 408 Thomas Street, Prichard, Alabama, "for her use for her life." The evidence supported both grounds alleged in the bill. Appellee filed security for costs of appeal on October 21, 1954.

Appellant's assignments of error are:

"The Court committed error in not taking into consideration the earning capacity of the appellant (defendant husband below) before rendering a decree for permanent alimony.

"The Court committed error in rendering a decree for permanent alimony in favor of the appellee (wife complainant below) to the effect 'that the house and lot known as 408 Thomas Street, Prichard, Alabama, be set apart to appellee for her use for her life' without ascertaining what, if any, other property was owned by appellant."

■■ The allegations of the bill of complaint are apt and appropriate for the relief sought and being confessed by the default of respondent, the trial court, upon the evidence, properly granted the prayer to set aside the house and lot for the wife's use. "A party who ignores a summons and, without good excuse, neglects to make his defense at the proper time has no standing in any court when he seeks to avoid the resulting judgment or decree. Read v. Walker, 18 Ala. 323, 333." Boothe v. Shaw, 214 Ala. 552, 108 So. 563, 564.

■ We think the argument made in brief under the second assignment of error is adequately answered by O'Bannon v. O'Bannon, 257 Ala. 246, 58 So.2d 779, 782, where in affirming a decree which invested the wife with a half interest in a house and lot, title to which was in the husband, this court said:

"On account of the divorce which destroys her homestead and dower rights in her husband's property, and in lieu thereof and for her support, the court may award alimony either in money or property. It could very properly take into consideration the contentions made by her with respect to her contributions both in money and services in building the house. It may be that the court considered under all the circumstances that she was entitled to a half interest in such property by way of alimony, and in that view of the situation it cannot be said there was error in the decree. Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244; Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198."

This case differs from the cases of Humphrey v. Lawson, 256 Ala. 198, 54 So.2d 439, and Jasper v. Eddins, 208 Ala. 431, 94 So. 516, where it was held that a final decree based on a decree pro confesso where the bill did not contain equity could not be sustained on appeal.

Appellant makes several statements in his brief pertaining to his health, age, education, occupation and ownership of property, but "we cannot consider statements in brief not supported by the record." Grace v. Birmingham Trust & Savings Co., 257 Ala. 507, 59 So.2d 595, 596; 2 Ala. Digest, Appeal & Error, ☞ 714(5), or as stated by Chief Justice Stone in Girard Fire Ins. Co. v. Boulden, Ala., 11 So. 773, 774. "We cannot presume the existence of facts or testimony, as to which the record is silent, and make it a ground of reversal."

The judgment of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.