This case presents the issue whether the trial court abused its discretion when it denied Walter Phillips's motion to set aside the default judgment entered in this case, which involved claims that Phillips had breached a fiduciary duty, had converted money belonging to Ophelia Randolph and had defrauded Randolph, and a claim alleging the tort of outrage. Because we conclude that the trial court did not abuse its discretion, we affirm.
 Facts
At the time the trial court held a hearing in this case on March 5, 2001, Ophelia Randolph was a 73-year-old widow. Randolph's daughter, Aldean Austin, unexpectedly died on October 30, 1997, at the age of 26. At the time of Austin's death she was unmarried and had no children. Before her death, Austin had purchased various life insurance policies naming her mother as the beneficiary. She left her mother, including the life-insurance proceeds and other property, over $322,000.
Randolph testified at the hearing to determine damages after the default judgment had been entered, that her sister and her brother had asked Reverend Walter Phillips, Randolph's pastor, "to check on me and help me out," because they "knew I was upset and everything." She testified that Phillips "was supposed to help [her] see after [her daughter's] business, and if [she] had bills, to pay [her] bills," although *Page 271 
she stated that she did not "have any bills." She further testified that Phillips agreed to help her and that she agreed to pay him for his services, although the amount of the actual compensation was never discussed. She also executed a general power of attorney in his favor, dated December 11, 1997.
The proceeds from the various life insurance policies and other assets were deposited into checking and savings accounts in the CBT Bank of Russell County. Those accounts bore the names of both Phillips and Randolph.
Randolph testified that she received no money from the proceeds in those accounts while Phillips was helping her; instead, she continued to live off her Social Security check. In June 1999, Randolph asked Phillips for money to buy a riding lawn mower. Phillips refused to buy the mower for Randolph, telling her that the size of her yard did not justify her purchasing a riding lawn mower. Randolph then bought a push mower, using money she received from Social Security. This incident aroused her curiosity, as well as the curiosity of her nephew, Jimmy Rowell, who had asked Phillips to allow Rowell's name to be placed on Randolph's bank accounts. According to Rowell, Phillips told him at that time that he had had Randolph declared incompetent. Randolph then executed a power of attorney in favor of Rowell and her niece, who promptly closed the accounts Randolph held jointly with Phillips and withdrew the remaining $75,857 from those accounts. Evidence admitted without objection at the damages hearing on the default judgment indicated that Phillips had used Randolph's money to obtain thousands of dollars worth of goods and services for himself.
On October 12, 2000, Randolph sued Phillips, alleging breach of fiduciary duty, fraud, conversion, conspiracy, and the tort of outrage. Phillips was served with the complaint by certified mail on October 23, 2000. Phillips did not file an answer and on December 21, 2000, Randolph moved for a default judgment. With her motion, she filed a supporting affidavit. The trial court entered a default judgment on January 5, 2001, and set a hearing for March 5, 2001, to determine damages.
At the hearing on March 5, 2001, Phillips appeared pro se. The trial court advised him that the purpose of the hearing was to determine damages, because a judgment had already been entered against him. Randolph testified as to the money she had received as a result of her daughter's death, the circumstances leading to Phillips's agreeing to help her, and her discovery that, although she had spent none of the proceeds she received as a result of her daughter's death, only $75,857 remained in the accounts she had held jointly with Phillips.
Randolph also testified as to various bank statements that were admitted into evidence and that showed, over a period of one and one-half years, various withdrawals totaling $205,266. Additionally, Randolph detailed and introduced documentary evidence showing payments made from the joint accounts by check and by debit card to a Sears Roebuck department store, a Red Lobster restaurant, Daniel Appliance Company, Suit Warehouse men's clothing store, and a hotel in Nashville, Tennessee. She also detailed a $17,000 loan she agreed to make to Phillips, which, she says, he had never repaid.
At the conclusion of the presentation of Randolph's evidence, the following discussion occurred:
 "THE COURT: . . . The plaintiff has rested concerning evidence of damages. You have a right, Reverend Phillips, to offer any evidence you wish to offer in this hearing; however, I think it's *Page 272 
incumbent upon me to inform you that what I have heard here, under the statutes of Alabama, would constitute a theft, and that anything you say, if you take the stand, it could be used against you.
 "And if you take the stand and the attorney for the plaintiff, Mr. Cary, asks you questions, then as a matter of law, you must answer those questions if you take the stand and testify. I want you to understand that. And like I said what you say and what he asks, possibly, could be used in a criminal prosecution, those answers to his questions and your testimony. Like I said, you have the right to remain silent, and anything you say could be used against you if, indeed, the district attorney determines that a criminal prosecution should be made here.
 "Like I said, I felt that it's only fair for me to inform you of that, but you do have the right to offer any evidence you wish to offer. I want you to understand that as well.
"Is there any evidence you wish to offer at this time?
"MR. PHILLIPS: Not without a lawyer."
Later, Phillips told the court that he had, "a power of attorney that was given unto me by Ms. Randolph to handle [her] affairs." The power of attorney was admitted into evidence as Defendant's Exhibit 1.
The trial court then awarded Randolph $244,000 in compensatory damages and $250,000 in punitive damages. Phillips then stated, "I do have cancelled checks [for] some of that money spent on Ms. Ophelia Randolph." Phillips was reminded that he had decided not to testify, but he was allowed to show the checks to Randolph's attorney.
The court filed the default judgment with the clerk's office on March 5, 2001. On April 4, 2001, Phillips, now represented by counsel, filed a motion to set aside the default judgment, or in the alternative, for a new trial. In his motion, Phillips alleged that he had a meritorious defense, which consisted in its entirety of the following:
 "The Defendant avers that there exists a meritorious defense in that the Plaintiff testified, under oath, that she was not aware that the Defendant had expended monies on her behalf. Additionally, the Defendant avers that he did not present evidence regarding the money expended upon Plaintiff's behalf, under a valid power of attorney, due to the Court's warning regarding the possibility of criminal charges."
Phillips also alleged in his motion that Randolph would not be prejudiced if his motion was granted. This motion was not verified by Phillips, nor was there any accompanying affidavits or proof submitted to rebut the evidence offered and admitted by the court at the hearing on damages. The trial court denied the motion on April 24, 2001.[1] On June 5, 2001, Phillips filed a notice of appeal. *Page 273 
 I.
We first state our standard of review of a trial court's order denying a motion to set aside a default judgment. In Summit Photographix, Inc.v. Scott, 763 So.2d 956 (Ala. 2000), this Court stated:
 "On an appeal from an order denying a motion to set aside a default judgment, our review is confined to determining whether the trial court abused its discretion in refusing to set aside the default judgment. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 603 (Ala. 1988)."
763 So.2d at 959. In Sampson v. Cansler, 726 So.2d 632 (Ala. 1998), this Court stated:
 "In Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988), this Court held that the trial court has broad discretion in determining whether to grant or to deny a defendant's motion to set aside a default judgment, but that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments — judicial economy and the defendant's right to defend on the merits. Kirtland,
524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
 "Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider `1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct.' Kirtland, 524 So.2d at 605.
". . . .
 "The first Kirtland factor is whether the defaulting party presented a meritorious defense. To present a meritorious defense, for Rule 55(c)[, Ala.R.Civ.P.,] purposes, does not require that the movant satisfy the trial court that the movant would necessarily prevail at a trial on the merits, only that the movant show the court that the movant is prepared to present a plausible defense. Kirtland, 524 So.2d at 605.
 "`The defense proffered by the defaulting party must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. To be more precise, a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury.
 "`The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis. Such allegations would constitute a "plausible defense."'" *Page 274 
Kirtland, 524 So.2d at 606."
726 So.2d at 633-34 (emphasis added).
In this case, Phillips did not file a supporting affidavit with his motion to set aside the default judgment. He merely avers in his motion that he has a meritorious defense based on his assertion that Randolph testified, "under oath, that she was not aware that [Phillips] had expended monies on her behalf." At the March 5, 2001, hearing on damages, Phillips declined to present evidence concerning the canceled checks allegedly written on Randolph's behalf that he claimed to have in his possession, which he purportedly had in defense of the claims lodged against him. The trial court allowed Phillips to show the checks to Randolph's attorney, but the trial court stated, "I'm not going to go much further than that without giving him an opportunity to cross-examine you."
As this Court stated in Kirtland v. Fort Morgan Authority SewerService, Inc., 524 So.2d 600 (Ala. 1988), a party seeking to establish a meritorious defense may do so in "an answer or in a motion to set aside the default judgment and its supporting affidavits," or "by some other means to warrant submission of the case to the jury." 524 So.2d at 606. Merely stating that one has a meritorious defense is simply not enough. In Storage Equities, Inc. v. Kidd, 579 So.2d 605 (Ala. 1991), this Court stated that a trial judge, "[w]hen exercising his discretion under Rule 55(c),[Ala.R.Civ.P.,] . . . should consider the following three-factor analysis set forth in Kirtland: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." 579 So.2d at 607. Analyzing the "meritorious-defense" factor, the Court, in Kidd, stated the following:
 "Several recent opinions from this Court have elaborated on the meritorious defense element. Hannah v. Blackwell, 567 So.2d 1276 (Ala. 1990); Gilley v. Crawford, 549 So.2d 457 (Ala. 1989); Appalachian Stove Fabricators, Inc. v. Roberts, 544 So.2d 893 (Ala. 1989). To meet this element, the appellants have the burden of satisfying the trial judge only that they are prepared to present a plausible defense, not that they would necessarily prevail at a trial on the merits. Ex parte Illinois Central Gulf R.R., [ 514 So.2d 1283 (Ala. 1987)]. The appellants can meet this factor of the analysis by a clear and specific showing — not through a conclusory statement, but by a definite presentation of facts — that the judgment was probably unjust . . .; that there was a valid defense; or that on a trial there would be a reasonable likelihood of a different result. Kirtland, supra, at 606."
579 So.2d at 607-08.
In Kidd, this Court found that the trial judge had abused his discretion, but noted the reason for its holding, as follows: "While the appellants' motion to set aside the default judgment merely contains conclusory statements that they have a meritorious defense, the brief in support of that motion, the accompanying affidavits, and the appellants' counterclaim show the existence of a meritorious defense." 579 So.2d at 608. No such showing was made in this case. Cf. Appalachian Stove Fabricators, Inc. v. Roberts, 544 So.2d 893 (Ala. 1989), where this Court analyzed the requirements of showing that the defaulting party has a "meritorious defense." In that case, this Court stated:
 "To show the existence of a meritorious defense, Appalachian had to allege sufficient facts or produce enough evidence to counter the plaintiffs' claims. Appalachian failed to do this, either in *Page 275 
its motion to set aside the default judgment or in its affidavit supporting that motion. In its motion and supporting affidavit, Appalachian alleged a meritorious defense in a conclusory manner, by stating that it had a `good, meritorious and valid defense for the claims made by the plaintiffs herein' and that it desired and should be entitled to the opportunity to its `day in court' to assert that defense. Such a conclusory statement of a meritorious defense is insufficient. See Jones v. Hydro-Wave [of Alabama, Inc., 524 So.2d 610 (Ala. 1988),] Kirtland v. Fort Morgan Authority, supra. In its amended motion and supporting affidavit, Appalachian merely incorporated by reference its original motion and all affidavits and exhibits attached thereto. The only other factual information given in the motions and supporting affidavits related to the events concerning Appalachian's delivery of the claim to the wrong insurance carrier and that carrier's failure to notify Appalachian of its non-coverage. Those facts did not constitute a meritorious defense in accordance with the standard set forth in Kirtland, supra. Those facts did not provide the trial court with a sufficient factual basis on which to conclude that the result of the case could conceivably be different if it were adjudicated on the merits. See Jones v. Hydro-Wave, supra."
544 So.2d at 897. In this case, Phillips decided not to testify at the hearing on damages; he presented nothing except the general power of attorney that Randolph had executed in his favor. Although his failure to testify at the hearing could be justified because of the statements made by the trial judge and because he was not represented by an attorney at that time, he subsequently retained an attorney, but neither he nor his attorney made any showing that he, in fact, had a meritorious defense.
Based on the foregoing, we hold that Phillips has failed to show that the trial judge abused his discretion in denying his motion to set aside the default judgment on the ground that he had a meritorious defense.
 II.
The second prong of the Kirtland three-pronged test requires a showing that the plaintiff will be unfairly prejudiced if the default judgment is set aside. Phillips, in his motion to set aside the default judgment states: "The Defendant avers that the Plaintiff will not be prejudiced by granting this motion." Phillips has not cited any facts in the record that would support his claim that Randolph would not be unfairly prejudiced if his motion is granted. In his brief to this Court, he merely states that "there is nothing in the record to indicate that [Randolph] will be unfairly prejudiced if the default judgment is set aside." Randolph's counsel, in his brief to this Court, states that "Walter Phillips has presented no evidence that setting aside the default judgment would not unfairly prejudice Ophelia Randolph" and that "[t]o the contrary, allowing Walter Phillips a new trial could possibly create increased difficulties of discovery, or provide a greater opportunity for fraud or collusion."
In Kirtland, this Court discussed this prong of the test under the subheading, "(b) Absence of Prejudice to the Nondefaulting party," as follows:
 "When ruling on a Rule 55(c) motion, the trial judge must also consider the prejudice befalling the nondefaulting party if the default judgment is set aside. See Oliver v. Sawyer, 359 So.2d 368, 370
[(Ala. 1978)]; Johnson v. Moore, 514 So.2d 1343 (Ala. 1987). The *Page 276 
setting aside of a default judgment delays a final termination of the litigation. This delay frustrates or impedes a plaintiff's efforts to recover on his claim and causes him to incur additional costs. Moreover, the delay may facilitate fraud and collusion, result in loss of evidence, and hinder discovery. Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656-57 (3rd Cir. 1982); C. Wright, [A. Miller, and M. Kane, Federal Practice and Procedure, Civil § 2700 (2d ed. 1983)]. Federal cases construing this requirement suggest that the prejudice must be substantial to justify a denial of a motion to set aside a default judgment. See United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839 (6th Cir. 1983) (mere delay in satisfying a plaintiffs' claim, if it should succeed at trial, is not sufficient prejudice); Davis v. Musler, 713 F.2d 907
(2d Cir. 1983) (delay alone is insufficient; delay must result in loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud); Rasmussen v. W.E. Hutton Co., 68 F.R.D. 231 (N.D.Ga. 1975) (when a defaulting party has a meritorious defense, plaintiff would not be unduly prejudiced by a hearing on the merits). The rationale for requiring substantial prejudice is that the federal courts are vested with discretionary power to impose costs as a means of alleviating the adverse affects of delay. The underlying presupposition is that minimal prejudice can be effectively offset `by requiring the defaulting party to provide a bond to secure costs, to pay court costs, or to cover expenses of the appeal.' C. Wright, supra, § 2200; Feliciano, supra, at 657; Barber v. Turberville, 218 F.2d 34 (D.C. Cir. 1954); cf. Annot., 3 A.L.R.Fed. 956 (1970).
 "Awarding costs as a means of mitigating the prejudice suffered by the plaintiff upon the setting aside of a default judgment is a practical and fair rule, one that has received the imprimatur of this Court. In Mosaic Templars of America v. Hall, 220 Ala. 305, 124 So. 879 (1929), we reviewed the propriety of a trial court's decision to withdraw its prior order that granted the defendant's motion to set aside a default judgment on the condition that the defendant compensate the plaintiff for the delay by covering his costs. The trial court withdrew its order setting aside the default judgment when the defendant failed to pay the costs as mandated. In affirming the trial court's decision, we held, inter alia, that the `court may impose reasonable terms, such as the payment of costs, as a penalty for' an attorney's negligence in failing to appear. 220 Ala. at 306, 124 So. at 880. The Mosaic Templars decision was followed and clarified by Pinkleton v. Steele, 57 Ala. App. 294, 328 So.2d 298 (1975). Thus, we hold that the prejudice warranting denial of a Rule 55(c) motion must be substantial. If the harm suffered by the nondefaulting party, as by a delay in vindicating its rights, could be mitigated by the imposition of reasonable terms and conditions, the prejudice is not substantial. Moreover, the task of determining whether the defendant has caused substantial prejudice is a burden to be borne by the trial judge, after review of the facts, and not by the plaintiff."
524 So.2d at 606-07 (emphasis added).
Although Kirtland states that the task of determining whether a plaintiff will be unfairly prejudiced "is a burden to be borne by the trial judge, after review of the facts, and not by the plaintiff" (emphasis added), Kirtland does not directly state that the defaulting party has the burden of presenting those facts. We have found *Page 277 
only two Alabama cases that use the word "burden" in discussing the second prong of the Kirtland test. In Ex parte King, 821 So.2d 205
(Ala. 2001), the administrator of a beneficiary's estate sued the beneficiary's sister, her children, and her lawyer to recover for conversion, money had and received, legal malpractice, felonious injury, and conspiracy. After entering a default judgment against the sister, the trial court granted the sister's motion to set aside the default judgment. The administrator petitioned this Court for a writ of mandamus. This Court issued the writ and directed the trial court to vacate its order setting aside the default judgment. Ex parte King,776 So.2d 31 (Ala. 2000) ("King I"). The sister then filed a renewed motion to set aside the default judgment, and the trial court granted the motion with respect to the punitive damages that had been awarded as a result of the default judgment. The administrator again petitioned this Court for a writ of mandamus, and this Court granted the petition and issued the writ. This Court held that the original writ of mandamus was a final adjudication and that it became the law of the case. In that case, the Court said:
 "On April 11, 2000, the trial court reinstated the default judgment in accordance with our direction in King I.
 "On July 14, 2000, Robinson again attacked the default judgment, filing a motion entitled an `Amendment and Renewed Motion to Set Aside Default Judgment.' The trial court granted the motion as to the punitive-damages portion of the judgment, finding that Robinson [the defaulting party] had satisfied her burden under Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988), which established the standard for determining whether to grant or to deny a motion to set aside a default judgment."
821 So.2d at 207 -08 (emphasis added). In Baker v. Jones, 614 So.2d 450
(Ala. 1993), the plaintiff brought an action against the defendant to recover on a promissory note payable to the company of which plaintiff was sole stockholder and chief officer. The trial court entered a default judgment in favor of the plaintiff and denied the defendant's motion to set aside the default judgment on the alleged ground that the plaintiff was not the real party in interest. The defendant appealed. Although this Court was not discussing the second factor of the Kirtland analysis, this Court said:
 "To support a motion to set aside a default judgment, the defaulting party must produce evidence of a meritorious defense that indicates that the case could be decided differently if tried on the merits and thus justifies reopening the case so that justice can be done. Kirtland. A defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion and its supporting affidavits, if proven at trial, would constitute a complete defense to the claims against the movant or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury. Kirtland. The allegations set forth to establish the defense must be more than bare legal conclusions; they must counter the allegations in the complaint with specific legal grounds substantiated by a basis of credible evidence. Kirtland.
 "In his second motion to set aside the default judgment, Baker alleged as follows:
 "`The judgment is void on its face in that the Plaintiff's complaint is filed in the name of Sylvia Jones. The note and mortgage in question and sued upon was granted to Friday, Inc., a *Page 278 
corporation, [and not] to Plaintiff, Sylvia Jones. Sylvia Jones is not the real party in interest nor is she the correct party and she does not own the note and mortgage.'
 "Baker's conclusion, if proven at trial, would comprise a complete defense to the action against him; however, he failed to submit any factual basis for his claims. The record contains no affidavits or supporting evidence to substantiate the bare legal conclusion that Sylvia Jones did not own the note and mortgage. In his pleading, Baker merely based his conclusions on the fact that Jones herself had not offered evidence to show that her corporation, Friday, Inc., had assigned the note to her; however, Baker never questioned the assignment and never raised this issue until he filed his second motion to set aside the default judgment. It is the burden of the movant, not the opposing party, to provide a `definite recitation of facts' to support the movant's conclusions of law. Kirtland. The movant must first support his own conclusions with facts before the burden shifts to the opposing party to offer evidence in rebuttal. In this case, Baker failed to provide the facts necessary to establish a meritorious defense."
614 So.2d at 451.
Insofar as we can tell, this Court has not specifically addressed the question of who, in a motion to set aside a default judgment, has the burden of showing that the plaintiff will not be unfairly prejudiced if the motion is granted and the default judgment is set aside. This Court did, in Kirtland, cite several federal cases that discuss the facts a court may consider in making its determination. Those federal cases are set out in the excerpts from Kirtland we have quoted above.
Because Kirtland does not specifically state which party has the burden of proof relating to the second factor of the test established inKirtland, we now take the opportunity to set out the principle of law that trial courts must apply in determining whether a plaintiff will be unfairly prejudiced if a default judgment is set aside. We hold that when a party files a motion to set aside a default judgment, the movant has the initial burden of making a prima facie showing that the plaintiff will not be unfairly prejudiced if the default judgment is set aside. If the movant makes a prima facie showing that the plaintiff will not be unfairly prejudiced, the burden then shifts to the plaintiff to present facts showing that the plaintiff will be unfairly prejudiced if the default judgment is set aside. Here, Phillips made no showing that Randolph would not be unfairly prejudiced if the default judgment was set aside. Consequently, we hold that the trial judge, in applying the second prong of the Kirtland test, did not err in denying Phillips's motion to set aside the default judgment.
 III.
The final prong of the Kirtland test is whether the default judgment was a result of the defendant's own culpable conduct. In DaLee v. CrosbyLumber Co., 561 So.2d 1086, 1091 (Ala. 1990), this Court stated:
 "`If judgment be entered against a party in his absence, before he can be relieved of the judgment he must show that it was the result of a mistake or inadvertence which reasonable care could not have avoided, a surprise which reasonable precaution could not have prevented, or a negligence which reasonable prudence could not have anticipated.'" *Page 279 
(Quoting McDavid v. United Mercantile Agencies, Inc., 248 Ala. 297, 301,27 So.2d 499, 503 (1946).) In that case, DaLee had attempted to have a default judgment set aside after he realized that the judgment was entered against him personally, as well as against his company. This Court considered DaLee's arguments, but ultimately affirmed the default judgment and the denial of the motion to set it aside. In doing so, the Court quoted the following, noting that it had been quoted as authority in Fancher v. Fancher, 262 Ala. 489, 80 So.2d 248 (1955):
 "`"A party who ignores a summons and, without good excuse, neglects to make his defense at the proper time has no standing in any court when he seeks to avoid the resulting judgment or decree. Read v. Walker, 18 Ala. 323, 333." Boothe v. Shaw, 214 Ala. 552, 108 So. 563, 564.'"
561 So.2d at 1091.
The Court, in DaLee, quoting McDavid v. United Mercantile Agencies,Inc., 248 Ala. 297, 301, 27 So.2d 499, 503 (1946), further stated:
 "`It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business, his motion to set aside a judgment for default should be denied.'"
561 So.2d at 1091.
In Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 616 (Ala. 1988), the Court, discussing the culpability of the defaulting party, stated, "[W]e acknowledge that, due to a trial judge's superior vantage point, the trial court is the more suitable arbiter for determining with accuracy the culpability of the defaulting party's conduct, and, for this reason, we will show great deference toward the trial court's decisions with respect to such culpability."
Based on the foregoing, we do not believe that the trial court abused its discretion in refusing to set aside the default judgment based on its determination of Phillips's culpability.[2]
 IV.
Although Phillips argues, in his brief to this Court, that the trial court erred in not granting a hearing to determine if the punitive damages were excessive, in light of Hammond v. City of Gadsden,493 So.2d 1374 (Ala. 1986), and Green Oil Co. v. Hornsby, 539 So.2d 218
(Ala. 1989), Phillips did not request that the trial court conduct a hearing on this issue. In Waldrip Wrecker Service, Inc. v. Wallace,758 So.2d 1110 (Ala.Civ.App. 2000), the Court of Civil Appeals stated:
 "Waldrip failed to properly request a hearing on the issue of punitive damages. The trial court did not err in not holding a hearing, when none was requested. Waldrip's final argument regarding the excessiveness of the punitive-damages award is, therefore, pretermitted because appellate courts generally do not address issues not decided by the trial court."
758 So.2d at 1116.
See also Etherton v. City of Homewood, 700 So.2d 1374, 1377-78 (Ala. 1997), citing McWhorter v. Clark, 342 So.2d 903 (Ala. 1977), and quotingBevill v. *Page 280 Owen, 364 So.2d 1201, 1203 (Ala. 1979), for the proposition that "`[i]t is a fundamental rule of appellate procedure that, regardless of [the] merits of [the] appellant's contentions, appellate courts will not review questions not decided by the trial court.'"
 V.
Phillips has failed to convince us that the trial judge abused his discretion in refusing to set aside the default judgment entered in favor of Randolph. The judgment of the trial court is, therefore, due to be affirmed.
This opinion was prepared by Retired Justice Hugh Maddox, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
Houston, See, Lyons, Brown, Johnstone, Harwood, and Stuart, JJ., concur.
Moore, C.J., and Woodall, J., concur in the result.
[1] The trial court wrote "denied," on the motion, and dated this denial April 23, 2001; however, the clerk's stamp shows that the denial was filed with the clerk's office on April 24, 2001. We are not here dealing with untimeliness based upon a gap between the date of notation on the civil docket and the date the civil docket is filed in the clerk's office; in such cases, the former date controls. See Rule 58(c), Ala.R.Civ.P., and Allstate Ins. Co. v. Coastal Yacht Servs., Inc.,823 So.2d 632 (Ala. 2001). Here, we have an order written on the face of the motion and, as such, it constitutes a separate order, not effective until filed in the clerk's office. See Smith v. Jackson, 770 So.2d 1068,1071 (Ala. 2000) ("when a judge renders a judgment by a separate written order, that judgment is not entered until it is filed in the clerk's office").
[2] It should be noted that Phillips, in his motion to set aside the default judgment, did not aver that his failure to answer the complaint was not his fault.