Triple D Trucking, Inc., Dan Youngblood, and Danny Youngblood (hereinafter collectively referred to as "the defendants") appeal from the trial court's denial of their motion to set aside a default judgment entered against them. We affirm.
On August 4, 2000, Tri Sands, Inc., sued the defendants seeking damages on claims alleging breach of contract and fraud.[1] Specifically, Tri Sands alleged that it had entered into an oral contract with the defendants, which, it says, the defendants breached, and it claimed damages of $127,357. On September 11, 2000, and September 18, 2000, Danny Youngblood and Triple D Trucking, respectively, acting pro se, filed answers and motions to dismiss that stated, in pertinent part, that "[t]he claim of the Plaintiff in this complaint is on [an oral] contract, barred by the Statute of Frauds, and cannot be enforced." On November 21, 2000, Attorney Roy M. Johnson filed an entry of appearance on behalf of the defendants. On July 24, 2001, Johnson filed a motion to withdraw as the defendants' attorney; his motion stated, in pertinent part: "The Defendants have no objection to said *Page 871 
withdrawal. . . . The Defendants have been informed that this case is set for trial on August 29, 2001." On July 26, 2001, the trial court granted Johnson's motion to withdraw in an order. The trial court's order additionally stated that Johnson was to:
 "1. Send the [defendants] a copy of this Order at the last known address.
 "2. Notify [the defendants] that any trial or hearing heretofore set in this cause will not be continued based upon the party not having counsel."
On August 29, 2001, Tri Sands and its counsel appeared for trial; the defendants failed to appear. At trial, counsel for Tri Sands elicited testimony from its president, Johnny Hopper. On that same day, the trial court entered an order on its case action summary that stated, in pertinent part:
 "Case being set for trial. Plaintiff appears and defendants failed to appear. Court proceeds to take testimony.
 "Based upon the evidence, the Court enters judgment in favor of the Plaintiff Tri Sands, Inc., and against Triple D Trucking, Inc., Dan Youngblood and Danny Youngblood in the amount of $127,357.00 plus costs."[2]
On September 23, 2001, the defendants, represented by counsel, filed a motion to set aside, alter, or amend the trial court's default judgment against them. The motion stated that the defendants had a good defense to Tri Sands' claims based upon an affidavit of Carole Herman, which was attached to the motion. Herman's affidavit stated that she was an employee of Triple D Trucking and that she had knowledge that the amount claimed by Tri Sands as damages could not be substantiated. Herman made statements regarding several checks of various amounts allegedly retained and deposited by Tri Sands or Hopper. Attached to the affidavit were copies of checks and endorsements that Herman stated "appear to have been" made by Hopper. Herman's affidavit concluded by stating: "Triple D records show that the most that Hopper could claim would be $18,909.99. It is physically impossible for Hopper to prove that he is owed the $127,000 that he claims in his lawsuit."
The defendants' motion also argued that the trial court's judgment (1) was not supported by the evidence; (2) was in conflict with the facts in the case; (3) would unjustly enrich Tri Sands; and (4) would unduly and unjustly burden the defendants. Further, the motion stated that "[t]he [d]efendants were mistaken and confused about the actual conduct of this case on the setting date." The trial court conducted a hearing on the defendants' motion on October 11, 2001; it denied the motion that same day.[3] On November 21, *Page 872 
2001, the defendants filed a notice of appeal to this Court.
On appeal, the defendants argue that the trial court erred by denying their motion to set aside the default judgment.
 "The applicable standard of review in appeals stemming from a trial court's granting or denying a motion to set aside a default judgment is whether the trial court's decision constituted an abuse of discretion."
Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 603
(Ala. 1988).
In Sampson v. Cansler, 726 So.2d 632 (Ala. 1998), this Court observed:
 "In Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988), this Court held that the trial court has broad discretion in determining whether to grant or to deny a defendant's motion to set aside a default judgment, but that that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments — judicial economy and the defendant's right to defend on the merits. Kirtland, 524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
 "Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider `1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct.' Kirtland, 524 So.2d at 605.
". . . .
 "The first Kirtland factor is whether the defaulting party presented a meritorious defense. To present a meritorious defense, for Rule 55(c) purposes, does not require that the movant satisfy the trial court that the movant would necessarily prevail at a trial on the merits, only that the movant show the court that the movant is prepared to present a plausible defense. Kirtland, 524 So.2d at 605.
 "`The defense proffered by the defaulting party must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. To be more precise, a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury.
 "`The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis. Such allegations could constitute a "plausible defense."'
"Kirtland, 524 So.2d at 606.
". . . . *Page 873 
 "The second Kirtland factor is whether the plaintiff will be unfairly prejudiced by setting aside the default judgment. The prejudice must be substantial. Ex parte Gilliam, 720 So.2d 902 (Ala. 1998). Mere delay or increased costs are not sufficient to justify a refusal to set aside a default judgment. Gilliam. . . .
 "The third Kirtland factor is whether the default judgment was the result of the defendant's own culpable conduct.
 "`To warrant a refusal to set aside a default judgment, the defaulting party's actions must constitute willful conduct or conduct committed in bad faith, because "[n]egligence by itself is insufficient." Bad faith or willfulness is identified by "incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness."'
 "Gilliam, 720 So.2d at 904, quoting Kirtland, 524 So.2d at 608."
726 So.2d at 633-35.
In regard to the first Kirtland factor, i.e., whether the defendants have presented a meritorious defense, we note that the answers filed by Danny Youngblood and Triple D Trucking asserted a Statute of Frauds defense. However, as stated in footnote 3, the defendants assert that the trial court abused its discretion in denying their motion to set aside the default judgment based upon a consideration of only their motion and the attached affidavit. The defendants' motion stated that "[t]he Defendants have a good defense to the claim of the Plaintiff as is shown hereafter by the averments of and exhibits attached to this motion." While this Court has stated that "[m]erely stating that one has a meritorious defense is simply not enough," Phillips v. Randolph,828 So.2d 269, 274 (Ala. 2002), Herman's affidavit testimony is attached to the defendants' motion. However, Herman's affidavit testimony does not support the Statute of Frauds defense previously asserted in Danny Youngblood's and Triple D Trucking's answers. Rather, the affidavit asserted only that the entire amount of damages claimed by Tri Sands could not be substantiated and that the most Hopper "could claim" would be $18,909.99. Therefore, the defendants' motion does not contain a defense to liability under either of Tri Sands' claims for breach of contract or fraud; rather, it challenges only the amount of damages recoverable. While this is not a complete defense to any claim presented by Tri Sands, arguably "sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury," in regard to the amount of money the defendants owed to Tri Sands. Kirtland, 524 So.2d at 606. We conclude that the defendants have arguably presented "sufficient evidence . . . to warrant submission of the case to the jury" pursuant to the first Kirtland factor.[4]
As to the second Kirtland factor, whether the plaintiff will be unfairly prejudiced, this Court has most recently set out the burden the defaulting party must *Page 874 
meet. In Phillips v. Randolph, supra, the defaulting party's motion to set aside stated: "`The Defendant avers that the Plaintiff will not be prejudiced by granting this motion.'" 828 So.2d at 275. This Court stated:
 "Because Kirtland does not specifically state which party has the burden of proof relating to the second factor of the test established in Kirtland, we now take the opportunity to set out the principle of law that trial courts must apply in determining whether a plaintiff will be unfairly prejudiced if a default judgment is set aside. We hold that when a party files a motion to set aside a default judgment, the movant has the initial burden of making a prima facie showing that the plaintiff will not be unfairly prejudiced if the default judgment is set aside. . . . Here, [the defaulting party] made no showing that [the plaintiff] would not be unfairly prejudiced if the default judgment was set aside. Consequently, we hold that the trial judge, in applying the second prong of the Kirtland test, did not err in denying [the defaulting party's] motion to set aside the default judgment."
828 So.2d at 278. In this case, the defendants' motion to set aside the default judgment makes no statement that Tri Sands would not be unfairly prejudiced if the default judgment was set aside. In light of Phillips, we conclude that the defendants failed to meet their initial burden of showing that Tri Sands would not be prejudiced by setting aside the default judgment and thus failed to make the requisite showing under the second Kirtland factor.
In relation to the third Kirtland factor, whether the default judgment was the result of the defendant's culpable conduct, the defendants stated in their motion, in pertinent part, that "the [d]efendants were mistaken and confused about the actual conduct of this case on the setting date." In Phillips, supra, this Court observed:
 "In DaLee v. Crosby Lumber Co., 561 So.2d 1086, 1091 (Ala. 1990), this Court stated:
 "`"If judgment be entered against a party in his absence, before he can be relieved of the judgment he must show that it was the result of a mistake or inadvertence which reasonable care could not have avoided, a surprise which reasonable precaution could not have prevented, or a negligence which reasonable prudence could not have anticipated."'
 "(Quoting McDavid v. United Mercantile Agencies, Inc., 248 Ala. 297, 301, 27 So.2d 499, 503 (1946).) In that case, DaLee had attempted to have a default judgment set aside after he realized that the judgment was entered against him personally, as well as against his company. This Court considered DaLee's arguments, but ultimately affirmed the default judgment and the denial of the motion to set it aside. In doing so, the Court quoted the following, noting that it had been quoted as authority in Fancher v. Fancher, 262 Ala. 489, 80 So.2d 248 (1955):
 "`"`A party who ignores a summons and, without good excuse, neglects to make his defense at the proper time has no standing in any court when he seeks to avoid the resulting judgment or decree. Read v. Walker, 18 Ala. 323, 333.' Boothe v. Shaw, 214 Ala. 552, 108 So. 563, 564."'
"561 So.2d at 1091.
 "The Court, in DaLee, quoting McDavid v. United Mercantile Agencies, Inc., 248 Ala. 297, 301, 27 So.2d 499, 503 (1946), further stated:
 "`"It is the duty of every party *Page 875 
desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business, his motion to set aside a judgment for default should be denied."'
"561 So.2d at 1091.
 "In Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 616 (Ala. 1999), the Court, discussing the culpability of the defaulting party, stated, '[W]e acknowledge that, due to a trial judge's superior vantage point, the trial court is the more suitable arbiter for determining with accuracy the culpability of the defaulting party's conduct, and, for this reason, we will show great deference toward the trial court's decisions with respect to such culpability.'"
828 So.2d at 278-79.
The only reason offered by the defendants in their brief to this Court concerning their confusion as to the date for which trial was set is the assertion, unsupported by any matter contained in the record before us, that the filing in the trial court by an attorney for Bonnie Youngblood (not Roy M. Johnson) of a suggestion of bankruptcy, which led to Bonnie Youngblood's being dismissed as a defendant, "confused [the defendants] about the case status." However, Johnson's motion to withdraw as the defendants' counsel stated that the defendants were informed that the case was set for August 29, 2001. Further, the defendants acknowledge in their brief that the trial court's order allowing Johnson to withdraw, stating that the August 29, 2001, trial would not be continued for their not having counsel, was forwarded to them on July 26, 2001.
We cannot ascertain any fact in the record to support an inference that the defendants' conduct was excusable negligence of the sort described by this Court in Sampson, supra, when discussing the third Kirtland factor. In the absence of any transcript of the hearing on the defendants' motion to set aside the default judgment, we will not presume that the trial court abused its discretion in its evaluation of the defendants' conduct. We therefore conclude that the defendants failed to make the showing required by the third Kirtland factor — that their failure to appear was not the result of their own culpable conduct.
In their effort to show that the trial court erred by refusing to set aside the default judgment, the defendants have presented only the possibility of a defense as to the amount of damages they might owe. The defendants have failed to make the required showing under Rule 55(c), Ala.R.Civ.P., and Kirtland that Tri Sands would not be prejudiced if the default judgment were set aside and that the default was not the result of their own culpable conduct. Accordingly, we conclude that the trial court did not abuse its discretion by denying the defendants' motion to set aside the default judgment. The judgment of the trial court is due to be affirmed.
AFFIRMED.
SEE, BROWN, and STUART, JJ., concur.
MOORE, C.J., concurs in the result.
[1] Bonnie Youngblood was originally named as a defendant in this action, but she was subsequently dismissed by order of the trial court.
[2] A default judgment is proper under these circumstances. InInvestors Guaranty Fund, Ltd. v. Compass Bank, 779 So.2d 185, 192 (Ala. 2000), this Court observed
 "`"It is well established that if the defendant is properly within the jurisdiction of the court, and if he has notice of the trial date and does not appear and defend, the court has no choice but to enter judgment for the plaintiff."'"
(Quoting Creel v. Gator Leasing, Inc., 544 So.2d 936, 937 (Ala. 1989), in turn quoting Roberts v. Wettlin, 431 So.2d 524, 526 (Ala. 1983)).
[3] The record contains no transcript of the hearing on the defendants' motion. Thus, the defendants have failed to present us with anything from that hearing from which we could possibly conclude that the trial court abused its discretion in denying their motion to set aside the default judgment. However, the defendants state in their brief to this Court that the trial court's denial of their motion was erroneous "in consideration of the presentation made by the motion and in support of the motion by affidavit." Thus, out of an abundance of caution, we will consider the propriety of the trial court's judgment as it relates to the defendants' motion and the attached affidavit.
[4] This Court has stated that the existence of a meritorious defense is "a threshold prerequisite when seeking to have a default judgment set aside." Kirtland, 524 So.2d at 605. Further, Kirtland set out the three factors using a conjunctive "and"; therefore, it is necessary to evaluate all three factors to determine whether a trial court's denial of a motion to set aside a default judgment was an abuse of discretion. See Jones v.Hydro-Wave of Alabama, Inc., 524 So.2d 610 (Ala. 1988) (despite defaulting party's presentation of a meritorious defense, culpability in failing to appear for trial precluded setting aside a default judgment). *Page 876