The defendant, Fred Aldridge, appeals from the trial court's refusal to set aside a default judgment entered for the plaintiffs, Sidney Hamilton and his wife, Gloria Hamilton. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. We reverse and remand.
The Hamiltons filed a complaint against Aldridge on July 2, 1996, alleging fraud and misrepresentation in connection with Aldridge's sale of certain property to them. Aldridge was served by certified mail with the summons and complaint on July 9. When Aldridge did not respond, the Hamiltons filed an application for a default judgment on August 14. On August 30, they filed an affidavit in support of their request for damages, in which they testified that they had experienced severe flooding problems on the property they purchased from Aldridge, that their out-of-pocket monetary damages were $20,578.60, that they believed a fair amount of compensatory damages for "non-material damages" would be $50,000, and that they believed a fair amount of punitive damages would be $50,000. On September 26, the trial court entered a default judgment against Aldridge for $120,578.60. Aldridge did not respond in any way until October 25, when he was served with a writ of garnishment after the Hamiltons instituted garnishment proceedings against him. At that time, Aldridge moved to have the default judgment against him set aside pursuant to Rule 55(c), Ala. R. Civ. P. After the trial court held a hearing, during which it heard testimony from Aldridge and Connie Johnson, the legal assistant for the Hamiltons' attorney, it entered an order denying Aldridge's Rule 55(c) motion.
In appeals from a trial court's order granting or denying a motion to set aside a default judgment, our standard of review is whether the trial court's decision constituted an abuse of discretion. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.,524 So.2d 600 (Ala. 1988). Aldridge contends that the trial court abused its discretion in refusing to set aside the default judgment against him.
Although a trial court has broad discretion when deciding whether to grant a motion to set aside a default judgment, that discretion is not unlimited. Id. at 604. The trial court is called upon to balance two competing policy interests associated with default judgments, i.e., judicial economy and the litigant's right to defend on the merits. Id. Our supreme court has established a two-step process that must be undertaken by the trial court so that it effectively can balance those interests.
First, the trial court must presume that cases "should be decided on the merits whenever practicable." Id. The preservation of a litigant's right to defend on the merits is paramount, and, therefore, outweighs the promotion of judicial economy. Id. Second, the trial court must apply a three-factor analysis in deciding whether to grant a motion to set aside a default judgment. The court should consider "(1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and (3) whether the default judgment was a result of the defendant's own culpable conduct." Fries Correctional Equip.,Inc. v. Con-Tech, Inc., 559 So.2d 557, 561 (Ala. 1990).
When seeking to have a default judgment set aside, the movant must demonstrate *Page 196 
the existence of a meritorious defense as a threshold predicate. Kirtland, 524 So.2d at 605. The movant need not prove to the trial court that he or she necessarily would prevail at a trial on the merits, but the movant must satisfy the trial court that he or she is prepared to present a plausible defense. Id. In this case, the parties stipulated that Aldridge has a meritorious defense to this action.
The trial court discussed the second and third factors in the analysis as follows:
 "This Court finds, with regard to the second factor set out above, that Plaintiffs may very likely be unfairly prejudiced if this default judgment is set aside, not only because of the extensive delay and the continuing expenses of litigation as well as additional living expenses occasioned thereby, but also because of the possibility of Defendant's economic position worsening over time and thereby reducing the collection possibilities of Plaintiffs. With regard to the third factor mentioned above, this Court finds that Defendant was culpable in ignoring certified mail service of process of the original Summons and Complaint in this case, which was actually received by and signed for by Defendant personally. Defendant testified that he simply put this certified mail, unopened, in a desk drawer without looking at it or responding to it. Furthermore, the Defendant admitted that he did the same with numerous pieces of correspondence from Plaintiffs' attorney. (Said correspondence included a copy of Plaintiffs' sworn evidence of the damages upon which this Court's default judgment was based.) In fact, it is undisputed that Defendant had been made personally aware, prior to Plaintiffs' filing suit herein, of the underlying facts giving rise to the subject matter of Plaintiffs' Complaint herein, and Plaintiffs' intense dissatisfaction with the subject circumstances. Furthermore, this Court considers it highly significant that the Defendant is an obviously competent, well-educated business man. The Court finds that these actions on the part of Defendant are not excusable neglect or otherwise adequate excuse for not responding herein. In fact, Defendant did not take any action until he was unable to convey a piece of real estate due to Plaintiffs' lien arising out of the judgment rendered in this case on September 26, 1996."
It is clear from the foregoing that the trial court endeavored to do justice between the parties and that Aldridge's culpable conduct weighed heavily in the decision to deny his Rule 55(c) motion. Nevertheless, with deference to the diligent and well-meaning trial court, we conclude that the default judgment should have been set aside. In Rooney v.Southern Dependacare, Inc., 672 So.2d 1 (Ala. 1995), our supreme court stated as follows regarding the factor of the defendant's culpable conduct:
 "[T]his Court has held that if there is a dispute as to liability and damages, even avoidance of service or ignoring service is not sufficient grounds for the trial court to refuse to set aside a default judgment. Rather, to deal with such situations, the trial court should impose costs on the defendants."
672 So.2d at 4 (emphasis added). See also Fries, 559 So.2d at 563 ("[A] defendant's avoidance of service might be grounds for imposition of costs or other sanctions, but should not begrounds for a refusal to set aside such a large defaultjudgment." (Emphasis added.)) In discussing the factor of prejudice to the plaintiff, the court stated in Rooney andFries that the prejudice must be substantial and that meredelay in the plaintiff's recovery on the claim is notsufficient to justify a refusal to set aside a default judgment. Rooney, 672 So.2d at 6; Fries, 559 So.2d at 562.
This court is bound by the authorities of Rooney and Fries, and thus, we have no alternative but to reverse the order denying Aldridge's Rule 55(c) motion and to remand the case for the trial court to set aside the default judgment and for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active *Page 197 
duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
All the judges concur.