PITTMAN, Judge
G.W. McCormick, Jr., appeals from the denial of two postjudgment motions following the trial court’s entry of a default judgment in a property dispute between *1277 McCormick and his sister, Agnes Congle-ton.
The record indicates that during the latter part of 1999, following the death of her son in July 1999, Congleton, who was then a 95-year-old widow without surviving children, began making arrangements for her nephew, Douglas M. Gatwood, to handle her personal affairs. Congleton decided to deed to Gatwood some real property she had received from her husband’s estate. Around the same time, in November 1999, McCormick, who lived in Missouri, traveled to Alabama to visit Congleton and a cousin. The evidence indicated that that visit was the first time the siblings — Con-gleton and McCormick — had seen each other in over 20 years.
During that visit, McCormick scheduled two appointments for Congleton to meet with Everette Price, a local attorney; McCormick paid for both appointments. Price’s affidavit indicates that during those visits Congleton had told him that she wanted to deed some of her land to Gat-wood and McCormick. Price prepared two deeds, one conveying 205 acres of unimproved land to McCormick and one conveying four and one-half acres, which included Congleton’s house, to Gatwood. McCormick recorded both deeds and returned to Missouri.
One month later, Congleton attempted to convey to Gatwood the same land she had earlier conveyed by deed to McCormick. Congleton asked McCormick to re-convey the land to her; after he refused, Congleton and Gatwood, as attorney in fact for Agnes Congleton, sued McCormick, seeking to have the deed conveying the 205 unimproved acres of property set aside. The complaint, filed on February 10, 2000, also alleged counts of fraud and undue influence against McCormick and requested that a constructive trust be established for the benefit of Congleton. On April 25, 2000, McCormick filed an answer generally denying Congleton and Gat-wood’s claims. Congleton and Gatwood filed a motion for a summary judgment which was denied, and the case was set for trial.
The trial was held on April 8, 2002. McCormick was not present, but his attorney was present. Congleton and Gatwood requested that a default judgment be entered. The trial court granted the request and conducted a default hearing pursuant to Rule 55, Ala. R. Civ. P. During this proceeding, Congleton and Gatwood asked only that the trial court set aside the conveyance of land to McCormick. On April 12, 2002, the trial court entered a default judgment declaring the deed from Congle-ton to McCormick to be void. The judgment ordered that the deed be expunged from the Escambia County probate records.
On the same day the default judgment was entered, McCormick, through his attorney, moved to set aside the default judgment; the trial court denied McCormick’s motion without a hearing on May 7, 2002. The denial of that motion forms the basis of the first appeal in this case (No. 2010988). McCormick appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
At some point after the entry of the default judgment, McCormick terminated his relationship with his attorney. Subsequently, on July 25, 2002, this court granted McCormick leave to file a motion for relief from judgment pursuant to Rule 60(b), Ala. R. Civ. P. As grounds for the Rule 60(b) motion, McCormick asserted that the attorney who had filed the first postjudgment motion had a conflict of interest and did not properly document McCormick’s excusable mistake or neglect in failing to appear at trial. The second *1278 postjudgment motion was accompanied by the following exhibits: the transcript of the April 8, 2002, proceeding; an affidavit of McCormick stating that he had received a facsimile transmission from his attorney forwarding a stipulation that incorrectly identified the court date as May 8 instead of April 8; copies of McCormick’s April telephone bill showing his attempts to telephone his former attorney to verify the court date; a copy of the final letter sent to McCormick by his former attorney that McCormick received on April 8; and a copy of an affidavit executed by the attorney who drafted the two deeds for Congle-ton in November.
Congleton and Gatwood responded to McCormick’s Rule 60(b) motion and argued that McCormick’s motion merely reiterated the grounds raised in his post-judgment motion and argued that his allegations regarding confusion of the date of trial and the former attorney’s conflict of interest did not require that the default judgment be set aside. The trial court denied McCormick’s Rule 60(b) motion on October 8, 2002, prompting another appeal. (No. 2020075) This court granted a motion to consolidate the two appeals pursuant to Rule 3(b), Ala. R.App. P.
The decision by a trial court to grant or to deny a motion for relief from a judgment rests within the sound discretion of the trial court. See Wal-Mart Stores, Inc. v. Green, 740 So.2d 412 (Ala.Civ.App.1999). This court looks to the grounds and matters presented in support of the motion to determine if there was an abuse of that discretion in granting or denying the motion. See Carpenter v. Newman, 853 So.2d 1002 (Ala.Civ.App.2002).
In his first postjudgment motion filed on April 12, 2002, McCormick asserted as a reason for his failure to appear at trial that he had mistakenly or negligently relied on an unsigned, draft stipulation sent via facsimile to him by his attorney on April 1, 2002, that had misrepresented the trial date as May 8 instead of April 8. That motion contained exhibits including a copy of the facsimile and McCormick’s affidavit averring his erroneous reliance on the trial date contained in the facsimile and his assertion that he had been unable to contact his attorney to verify the date.
This court has held that a motion from relief from a default judgment, filed within 30 days of the entry of that judgment, should be treated as a Rule 55(c) motion to set aside the default judgment, notwithstanding references in that motion to Rule 60. See Englebert v. Englebert, 791 So.2d 975 (Ala.Civ.App.2000). Thus, .McCormick’s first postjudgment motion was actually a Rule 55(c) motion.
“[D]efault judgments are not favored, and, while the trial court has discretion to grant such judgments, the exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment.”
Hutchinson v. Hutchinson, 647 So.2d 786, 788 (Ala.Civ.App.1994). In determining whether to set aside a default judgment, a trial court must apply the three-factor analysis set forth by our Supreme Court in Kirtland v. Fort Morgan Auth. Sewer Serv. Inc., 524 So.2d 600 (Ala.1988). The three factors are (1) whether the defaulting party has a meritorious defense, (2) whether the nondefaulting party will be unfairly prejudiced if the default judgment is set aside, and (3) whether the default judgment was a result of the defaulting party’s own culpable conduct.
On appeal, McCormick first asserts that the trial court erred in refusing to set aside the default judgment upon the filing of his Rule 55(c) motion' — his first post- *1279 judgment motion — because, he contends, he made a sufficient showing under Kirt-land to have the default judgment set aside. McCormick also argues that the trial court erred in failing to grant relief from the default judgment in response to his Rule 60(b) motion — his second post-judgment motion — wherein McCormick alleged that the original attorney had a conflict of interest that precluded his filing a proper and accurate first postjudgment motion.
“Although a trial court has broad discretion when deciding whether to grant a motion to set aside a default judgment, that discretion is not unlimited.” Aldridge v. Hamilton, 708 So.2d 194, 195 (Ala.Civ.App.1997) (citing Kirtland, 524 So.2d at 604).
“First, the trial court must presume that cases ‘should be decided on the merits whenever practicable.’ The preservation of a litigant’s right to defend on the merits is paramount, and, therefore, outweighs the promotion of judicial economy. Second, the trial court must apply a three-factor analysis [established in Kirtland] in deciding whether to grant a motion to set aside a default judgment.”
Aldridge v. Hamilton, 708 So.2d at 195 (citations omitted).
Under Kirtland, McCormick must first show the existence of a meritorious defense. To do so, the defaulting party must satisfy the trial court that he or she is prepared to present a plausible defense; however, he is not required to show that he would necessarily prevail at a trial on the merits. Kirtland, 524 So.2d at 605.
Price’s affidavit, which states that Con-gleton was in full possession of her faculties, that she knew the extent of her holdings, and that she knew the proposed grantees of her property when she deeded the land to McCormick, amounts to a plausible defense to all four counts of the complaint that would, if believed by the trier of fact, defeat Congleton and Gat-wood’s claims. We conclude that Price’s affidavit, together with McCormick’s own deposition testimony that Congleton conveyed the land to him “simply because I am her brother and she wanted me to have it” amount to a “plausible defense” to the allegations of the complaint, which generally allege coercion and undue influence in the procurement and execution of the deed at issue. The first Kirtland factor, then, militates in favor of a trial on the merits.
Our Supreme Court recently discussed the second Kirtland factor, i.e., whether the nonmovant will be unfairly prejudiced by setting aside the default judgment. In Phillips v. Randolph, 828 So.2d 269 (Ala.2002), that court articulated the burden that the defaulting party must meet. “We hold that when a party files a motion to set aside a default judgment, the movant has the initial burden of making a prima facie showing that the [nonmovant] will not be unfairly prejudiced if the default judgment is set aside.” Phillips, 828 So.2d at 278. Our Supreme Court has also stated that “ ‘[m]ere delay or increased cost is not sufficient to justify a refusal to set aside a default judgment.’ ” Summit Photographix, Inc. v. Scott, 763 So.2d 956, 960 (Ala.2000)(quoting Ex parte Gilliam, 720 So.2d 902, 906 (Ala.1998)). McCormick argues that the setting aside of the default judgement will merely delay any expected sale of the land in question; he also refers us to an affidavit he filed in which he agrees that if the default judgment is set aside, the request for money damages Congleton waived at the hearing will be reinstated. Furthermore, in the same affidavit, McCormick stated his intention not to convey, encumber, or transfer the disputed property pending full disposition of the issues at trial. Finally, the parties *1280 have completed discovery, and the case awaits only the presentation of evidence at this point. We conclude that the second Kirtland factor militates in favor of a trial on the merits.
In relation to the third Kirtland factor, our Supreme Court recently stated if a judgment is
“ ‘ “entered against a party in his absence, before he can be relieved of the judgment he must show that it was the result of a mistake or inadvertence which reasonable care could not have avoided, a surprise which reasonable precaution could not have prevented, or a negligence which reasonable prudence could not have anticipated.” ’ ”
Triple D Trucking, Inc. v. Tri Sands, Inc., 840 So.2d 869, 874 (Ala.2002) (quoting Phillips v. Randolph, 828 So.2d 269, 278 (Ala.2002)), quoting in turn DaLee v. Crosby Lumber Co., Inc., 561 So.2d 1086, 1091 (Ala.1990) (quoting other cases) (emphasis added). McCormick forcefully argues that he was confused about the trial date because one week before trial, he received a facsimile containing a draft stipulation that referred to an incorrect trial date. Although the record indicates that McCormick also had received a docketing statement from the trial court and a letter from his attorney in March, both of which stated the correct trial date, the typographical error in the fax sent by his own attorney exactly one week before trial may reasonably have caused confusion on McCormick’s part. The situation was compounded by the fact that McCormick’s lawyer either was not in her law office between April 2 and April 6 (as evidenced by copies of McCormick’s telephone records) or, if present, chose not to return any of McCormick’s telephone calls before the case went to trial on April 8, 2002.[1]
In Summit Photographix, Inc. v. Scott, supra, our Supreme Court, discussing the third prong of Kirtland, noted that
“ 'Conduct committed willfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient’ Kirtland [v. Fort Morgan Auth. Sewer Serv., Inc.], 524 So.2d [600] at 607 [(Ala.1988)]. Willful and bad faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness.’ 524 So.2d at 608. Finally, ‘a defaulting party’s reasonable explanation for inaction and noncompliance may preclude a finding of culpability.’ 524 So.2d at 608.”
763 So.2d at 960 (emphasis added). In Sawyer v. Perkins, 717 So.2d 432 (Ala.Civ.App.1998), the defaulting party admitted receiving notice of the trial date, but failed to attend trial. In reversing the trial court’s refusal to set aside its default judgment, this court concluded that “[n]othing in the record convinces us that the [defaulting party’s] failure to appear was in flagrant disregard of the court’s authority or its rules.” Sawyer, 717 So.2d at 434. In a different type of real property case, one involving fraud and misrepresentation, this court stated that
“ ‘if there is a dispute as to liability and damages, even avoidance of service ... is not sufficient grounds for the trial court to refuse to set aside a default judgment.’ ”
Aldridge v. Hamilton, 708 So.2d at 196 (quoting Rooney v. Southern Dependacare, Inc., 672 So.2d 1, 4 (Ala.1995)) (emphasis omitted).
*1281 Although McCormick was notified of the April 8, 2002, trial date, he was sent material that appeared to contradict those notices; he relied upon the later trial date after repeated telephone calls to his lawyer the week before trial went unanswered. We cannot say that that neglect or mistake on his part should prevent the matter from proceeding to trial; we conclude that the third Kirtlcmd factor militates in favor of a trial on the merits.
We reverse the trial court’s judgment denying McCormick’s Rule 55(c) motion, and remand the cause for the trial court to set aside the default judgment and for further proceedings consistent with this opinion. Because we have determined that the default judgment must be set aside, we do not reach any arguments raised by McCormick in his second issue, which concerns the denial of his Rule 60(b) motion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result.

. McCormick's lawyer told the trial judge on April 8, 2002, that although she had not spoken with her client in several weeks, he had been notified of the trial date.