931 So.2d 40 (2005)
Barbara Ann Roebuck SUMLIN
v.
Richard Elgin SUMLIN.
2040238.
Court of Civil Appeals of Alabama.
December 2, 2005.
*42 Jack W. Smith, Dothan, for appellant.
Submitted on appellant's brief only.

*43 On Rehearing Ex Mero Motu

MURDOCK, Judge.
This court's opinion of November 4, 2005, is withdrawn, and the following is substituted therefor.
The wife in this divorce action appeals from the trial court's denial of her motion to set aside a default judgment divorcing the parties and awarding custody of the parties' 13-year-old daughter to the husband. We reverse and remand.
This action began on February 12, 2004, when the husband, Richard Elgin Sumlin, sued the wife, Barbara Ann Roebuck Sumlin, for a divorce. Acting pro se, the wife filed an answer to the husband's complaint.
The matter was set for trial initially on May 19, 2004. By agreement of the parties, however, the court ordered that the trial be continued until June 10, 2004. On June 9, 2004, the case was continued a second time, again pursuant to an agreement of the parties. Sometime before June 16, 2004, the wife retained an attorney who, on that day, filed on behalf of the wife an amended answer to the complaint, as well as a counterclaim.
On August 6, 2004, the wife filed a motion asking the trial court to set the case for trial. Thereafter, the trial court entered an order setting the case for trial on October 12, 2004.
On October 8, 2004, the wife filed a motion to continue; the trial court denied that motion. The trial court called the case for trial on October 12, 2004, and neither the wife nor her counsel were present at that time. Consequently, the trial court proceeded to enter a default judgment against the wife on the same day. An entry of the court's case action summary sheet reads: "October 12, 2004  Defendant failed to appear. Entry of default made against defendant. Testimony taken.[[1]] Plaintiff's attorney to submit proposed decree." Several days later, on October 18, 2004, the trial court entered a judgment of divorce awarding custody of the parties' 13-year-old daughter to the husband based upon the wife's default.
On October 29, 2004, the wife, through her counsel, filed a motion to set aside the default judgment, stating, in part, as follows:
"[T]his matter was set for trial on Tuesday, October 12, 2004, at 9:00 a.m., at which time counsel also had several criminal cases set for trial in the Circuit Court of Geneva County.
"Counsel states that on Thursday, October 7th and Friday, October 8th, he tried several times to see the trial judge at his office, and on one occasion in the courtroom, regarding a continuance in this cause, and he missed His Honor on all said occasions. He was unable to talk to the trial judge regarding the matter, as counsel discovered it was an extended holiday weekend (Columbus Day), and the courthouse was closed on Monday, October 11, 2004.
"This counsel further discussed the matter with plaintiff's attorney, Douglas Bates, Esq., and advised him of the conflict in his calendar and the urgency of the criminal cases set in Geneva County on said date, and he told him he was filing a Motion to Continue, said Mr. *44 Bates said he would have to appear because his client would not cooperate with a continuance. Counsel then called the defendant who resides in north Alabama, which is over five hours traveling time away from Dothan, and he advised the defendant of the conflict and that he had filed a Motion to Continue, and he told her not to come as he would not be able to appear in Court on said date."
The case action summary sheet contains an entry in which the trial court denies the wife's motion to set aside the default judgment. The trial court states in this entry that counsel for the wife "was in the courthouse in Dothan at [the] time and on [the] date [the] case was set for trial."
The wife contends on appeal that the trial court abused its discretion in denying her motion to set aside the default judgment. We agree.
Rule 55(c), Ala. R. Civ. P., states:
"In its discretion, the court may set aside an entry of default at any time before judgment. The court may on its own motion set aside a judgment by default within thirty (30) days after the entry of the judgment. The court may also set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment."
"`By its plain language, Rule 55(c)[, Ala. R. Civ. P.,] confers broad discretionary authority upon trial judges. This discretion, however, is not boundless. Rule 1(c), Ala. R. Civ. P., states: "These rules shall be construed to secure the just, speedy and inexpensive determination of every action." Thus, Rule 1 mandates that trial courts construe Rule 55(c) to effectuate an expeditious, efficient, and just resolution of litigation. . . . See C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, Civil, § 2693 (2d ed.1983).'"
Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 898 (Ala.2005) (emphasis added) (quoting Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 604 (Ala.1988)).
The Kirtland Court established a two-step process for evaluating motions under Rule 55(c). This two-step process is designed to balance the two competing policy interests of judicial economy and a litigant's right to defend on the merits. Kirtland, 524 So.2d at 604.
The first of the two steps is that the trial court must presume that cases "should be decided on the merits whenever practicable." Kirtland, 524 So.2d at 604. The two-step process begins with this presumption because "the interest in preserving a litigant's right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy." 524 So.2d at 604. It is against this presumption and its recognition of the paramount nature of a litigant's right to defend on the merits that this court should interpret and apply the second step in the Kirtland analysis. Indeed, we can envision no species of case in which the "strong bias" in favor of reaching the merits, see Kirtland, 524 So.2d at 605, could be any stronger than in a case such as this involving custody of a minor child. See generally, e.g., Davis v. Davis, 743 So.2d 486, 487 (Ala.Civ.App.1999) (quoting Fesmire v. Fesmire, 738 So.2d 1284, 1287 (Ala.Civ. App.1999), quoting in turn other cases that establish a court's "`"`duty to guard and protect the interest of its infant wards with scrupulous care'"'").
*45 The second step of the two-step process was described in Kirtland as follows:
"[A] trial court's broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct."
524 So.2d at 605 (emphasis added). Nothing in Kirtland indicates that each of these three factors must be resolved in the movant's favor in order for the movant to obtain relief from a default judgment. The rule only states that the trial court must "consider" all three factors. The Supreme Court also referred to the Kirtland analysis as one requiring the court to "balance the equities." 524 So.2d at 605. We also note that an approach in which all three factors are considered and "balanced," or weighed, against each other is consistent with federal jurisprudence. See generally C. Wright et al., Federal Practice & Procedure, Civil § 2693 (2d ed.1983).
In addition, a balancing approach is demonstrated by those cases in which our Supreme Court has held that a trial court abused its discretion in failing to set aside a default judgment and to allow a case to be decided on its merits, despite the fact that one or both of the second and third Kirtland factors was decided against the movant. In Fries Correctional Equipment, Inc. v. Con-Tech, Inc., 559 So.2d 557, 561 (Ala.1990), for example, the Supreme Court held that a showing of culpable conduct  the third Kirtland factor  standing alone, did not preclude relief from the default judgment where the judgment was large, liability was sharply in dispute, and damages were both contested and speculative. While the present case does not deal with monetary damages, the judgment at issue, particularly insofar as it relates to the custody of the parties' daughter, is without question "large," and "liability" is sharply disputed.
In Aldridge v. Hamilton, 708 So.2d 194 (Ala.Civ.App.1997), this court held that the trial court had erred in failing to set aside a default judgment despite the fact that both the second and third Kirtland factors weighed against granting relief:
"[W]ith deference to the diligent and well-meaning trial court, we conclude that the default judgment should have been set aside. In Rooney v. Southern Dependacare, Inc., 672 So.2d 1 (Ala. 1995), our supreme court stated as follows regarding the factor of the defendant's culpable conduct:
"`[T]his Court has held that if there is a dispute as to liability and damages, even avoidance of service or ignoring service is not sufficient grounds for the trial court to refuse to set aside a default judgment. Rather, to deal with such situations, the trial court should impose costs on the defendants.'
"672 So.2d at 4 (emphasis added). See also Fries[ Correctional Equip., Inc. v. Con-Tech, Inc.], 559 So.2d [557,] 563 [(Ala.1990)] (`[A] defendant's avoidance of service might be grounds for imposition of costs or other sanctions, but should not be grounds for a refusal to *46 set aside such a large default judgment.' (Emphasis added.)) In discussing the factor of prejudice to the plaintiff, the court stated in Rooney and Fries that the prejudice must be substantial and that mere delay in the plaintiff's recovery on the claim is not sufficient to justify a refusal to set aside a default judgment. Rooney, 672 So.2d at 6; Fries, 559 So.2d at 562."
708 So.2d at 196. See also C. Wright et al., Federal Practice & Procedure, Civil § 2693 (2d ed.1983) (discussing federal cases demonstrating an appropriate preference for the awarding of costs to compensate for any prejudice associated with setting aside a default judgment).
It is in the context of the above-stated principles that we now turn to a detailed consideration of each of the three factors that compose the second part of the Kirtland test. Specifically, we turn first to the issue whether the defendant has articulated a meritorious defense.
Unlike many cases, the present case is not one in which the default occurred because of the failure of a defendant to answer the complaint.[2] Here, the wife answered the complaint. In so doing, she denied in detail various essential elements of the claims alleged by the husband. Furthermore, in so doing, she specifically alleged that the welfare of the parties' 13-year-old daughter would not be served by being in the custody of the husband and that, instead, the daughter's welfare would be better served by her being placed in the custody and control of the wife. Further, the wife also included with her answer a counterclaim in which she specifically alleged that she did not abandon the child as alleged in the complaint but that, instead, the husband had "brutally forced the [wife] from the parties' home by assaulting her, and causing her such grievous mental suffering that she has now and has been under medical care, and she is unable to work, and she is need of support." The wife further alleged that it is the husband and not the wife who committed adultery. Further still, the counterclaim alleges that the minor daughter has made known her request to live with the wife through correspondence, a copy of which is attached to the counterclaim. See Mardis v. Mardis, 660 So.2d 597, 599 (Ala.Civ.App.1995) ("while not dispositive, the preference of a child with regard to its custody is entitled to much weight").
"[A] defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action . . . ." Kirtland, 524 So.2d at 606 (emphasis added). We therefore conclude that the record before us fully satisfies the first Kirtland factor in a manner that favors an adjudication of the issue of divorce and, particularly, the custody of the parties' child, on the merits.
Turning to the third Kirtland factor, the trial court made an entry on the case action summary sheet on November *47 1, 2004, stating that the wife's attorney was in the Houston County courthouse "at [the] time and on [the] date case was set for trial." In response, the wife filed a motion providing an explanation by her attorney as to how the trial court misunderstood him to be present in the Houston County courthouse at the time of the hearing in question. He specifically explains how he attempted to contact the trial judge several days before the scheduled hearing but was unable to do so and that he was required to attend proceedings in four separate criminal cases in nearby Geneva County on the morning in question. He also explains how he notified the husband's counsel of his conflict and requested agreement for a continuance but was told that the husband refused to agree to a continuance. He then explains that "he was able to resolve by plea all four felony jury cases [in Geneva County], and by afternoon he did return to [the Houston County] Courthouse] only to find this cause had been adjudicated in his client's absence."
"Conduct committed wilfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient. Willful and bad faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness. . . .
"However, a defaulting party's reasonable explanation for inaction and non compliance may preclude a finding of culpability."
Kirtland, 524 So.2d at 607-08 (citations omitted; emphasis added). There therefore exists a genuine issue with respect to the third Kirtland factor.
Finally, we turn to the second Kirtland factor: whether the plaintiff will be unfairly prejudiced by setting aside the default judgment. As to this factor, we first note that the prejudice must be substantial. Ex parte Gilliam, 720 So.2d 902 (Ala.1998). Mere delay or increased costs are not sufficient to justify a refusal to set aside a default judgment. Gilliam, 720 So.2d at 904. As the Kirtland Court, itself, said:
"Federal cases construing [the second] requirement suggest that the prejudice must be substantial to justify a denial of a motion to set aside a default judgment. . . . The rationale for requiring substantial prejudice is that the federal courts are vested with discretionary power to impose costs as a means of alleviating the adverse affects of delay. The underlying presupposition is that minimal prejudice can be effectively offset `by requiring the defaulting party to provide a bond to secure costs, to pay court costs, or to cover expenses of the appeal.' C. Wright, [A. Miller, & M. Kane, Federal Practice & Procedure, Civil,] § 2200 [(2d ed.1983)]; . . .
"Awarding costs as a means of mitigating the prejudice suffered by the plaintiff upon the setting aside of a default judgment is a practical and fair rule, one that has received the imprimatur of this Court. In Mosaic Templars of America v. Hall, 220 Ala. 305, 124 So. 879 (1929), .... we held, inter alia, that the `court may impose reasonable terms, such as the payment of costs, as a penalty for' an attorney's negligence in failing to appear. 220 Ala. at 306, 124 So. at 880. . . . Thus, we hold that the prejudice warranting denial of a Rule 55(c) motion must be substantial. If the harm suffered by the nondefaulting party, as by a delay in vindicating its rights, could be mitigated by the imposition of reasonable terms and conditions, the prejudice is not substantial. Moreover, the *48 task of determining whether the defendant has caused substantial prejudice is a burden to be borne by the trial judge, after review of the facts, and not by the plaintiff."
Kirtland, 524 So.2d at 607.
We note secondly that our Supreme Court in Kirtland did not state which party had the burden of showing each of the Kirtland factors. Obviously, as a general rule, a movant has the burden of demonstrating those elements necessary to justify the trial court in granting the relief requested. This would be particularly appropriate as to the first and third Kirtland factors  the existence of a meritorious defense and the absence of culpability on the part of the movant in allowing the default judgment to occur  in that those factors speak to matters within the knowledge of the movant. The same may not be true of the second factor, however. To put the burden of demonstrating the lack of prejudice to the nonmovant on the movant may be problematic in two ways: (1) its asks the movant to prove a negative, and (2) whether or not the nonmovant has been prejudiced in some manner, such as by the death or other unavailability of a witness, is information more commonly within the knowledge of the nonmovant.
Nonetheless, in Rudolph v. Philyaw, 909 So.2d 200 (Ala.Civ.App.2005), this court cited our Supreme Court's decision in Phillips v. Randolph, 828 So.2d 269 (Ala. 2002), for the proposition that the party that files a motion to set aside a default judgment has the initial burden of making a prima facie showing that the nonmovant will not be unfairly prejudiced if the default judgment is set aside. Rudolph v. Philyaw, 909 So.2d at 203 ("`If the movant makes a prima facie showing that the [nonmovant] will not be unfairly prejudiced, the burden then shifts to the [nonmovant] to present facts showing that the [nonmovant] will be unfairly prejudiced if the default judgment is set aside.'" (Quoting Phillips v. Randolph, 828 So.2d at 278.)). In Phillips v. Randolph, however, all three of the Kirtland factors weighed in favor of denying the defendant's motion for relief from the default judgment. As discussed above, a failure to demonstrate that one or both of the second and third Kirtland factors supports the granting of relief from a default judgment is not necessarily fatal to a motion for such relief. Further, in the case now before us, the motion for relief from the default judgment was filed within a matter of days after the default judgment was entered, and there is nothing in the record to suggest that the husband will, in fact, be substantially prejudiced by having to litigate the case on its merits.
As already noted, our Supreme Court has referred to the Kirtland analysis as a process in which the trial court is called upon to "balance the equities," 524 So.2d at 605, and has emphasized the paramount importance of affording litigants an opportunity to attain an adjudication on the merits:
"Article I, §§ 6 and 13, Alabama Constitution of 1901, by guaranteeing the due process rights of citizens, and Article I, § 10, by holding inviolate a person's right to defend himself in a civil action to which he is a party, elucidate[ ] this state's commitment to protect an individual's right to attain an adjudication on the merits and to afford litigants an opportunity to defend. We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court."
*49 Kirtland, 524 So.2d at 605 (emphasis added).
In Ex parte Gilliam, 720 So.2d at 906, the Supreme Court found fault with the nonmovant for not presenting concrete facts indicating that any witnesses had become unavailable or that any evidence had been lost. Also, in Sampson v. Cansler, 726 So.2d 632 (Ala.1998), the Supreme Court indicated its favorable disposition toward a defendant's motion for relief from a default judgment on the ground that "Ms. Cansler [the nonmovant] has not argued prejudice except in the form of delay and increased costs." 726 So.2d at 635. Further, as recently as December of last year, our Supreme Court stated that "common sense dictates that a plaintiff [the nonmovant] is usually in a far better position to know what prejudice might befall him from the delay, and more importantly how substantial that prejudice would be," even as it indicated that the Court's holding in Phillips v. Randolph, 828 So.2d 269, required an initial showing by the movant. Royal Ins. Co. of America v. Crowne Invs., Inc., 903 So.2d 802, 811 (Ala.2004). While this court's holding in Philyaw was to the same effect as the Supreme Court's holding in Phillips v. Randolph, both Phillips and Philyaw were cases in which the analysis of all three Kirtland factors weighed against granting relief from the default judgment.[3]
We are aware of no case in which this court or our Supreme Court has held that a "consideration" of the Kirtland factors and the necessary "balanc[ing] of the equities" made it appropriate to deny relief from a default judgment under circumstances such as those present here. The meritorious-defense factor weighed in favor of such relief, and there is at least a genuine issue as to whether the culpable-conduct factor did also. Neither the record nor the nonmovant suggests that there would be substantial prejudice if relief were granted. Nor do we believe it appropriate to interpret Phillips as supporting a denial of relief under such circumstances, particularly in a case such as this, where so much (the proper custody of a child) is at stake and the record reflects that the defaulting party moved so promptly for relief.
As noted at the outset, a trial court's discretion in deciding whether to grant or to deny a motion for relief from a default judgment is not absolute. In reviewing trial-court decisions denying relief from default judgments, we must take care not to abdicate our responsibility as an appellate court to ensure that trial courts, within the discretion afforded them, are fairly balancing the equities in such cases and preserving the "strong bias" in favor of deciding cases on their merits.
Applying the foregoing principles, we conclude that the trial court erred in this particular case in denying the wife's motion for relief from the default judgment. Accordingly, that judgment is reversed, and the cause is remanded to the trial court for further proceedings.
ON REHEARING EX MERO MOTU: OPINION OF NOVEMBER 4, 2005, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
PITTMAN, J., concurs.
BRYAN, J., concurs specially.
CRAWLEY, P.J., concurs in the rationale in part and concurs in the result, with writing.
THOMPSON, J., dissents, without writing.
*50 BRYAN, Judge, concurring specially.
Upon further reflection, and consideration of the application for rehearing, I am now persuaded by the main opinion that a failure to demonstrate the second Kirtland factor is not the shattering blow to the wife's motion for relief from the default judgment, especially given the specific facts of this case. The main opinion has convinced me that where the ultimate issue to be decided is glaringly substantial to all parties involved, e.g., the custody of a minor child, the "balance of equities" tilts in favor of relief from the default judgment.
CRAWLEY, Presiding Judge, concurring in the rationale in part and concurring in the result.
I write specially to discuss an issue affecting the third Kirtland factor: whether the default judgment was a result of the defendant's own culpable conduct.
The defendant failed to utilize the Attorney Calendar Conflict Resolution Order which our Supreme Court adopted in 1990-15 years ago! This flagrant disrespect for court rules is culpable conduct weighing strongly against the defendant's motion for relief, except in a case such as this involving custody of a minor child.
NOTES
[1] Rule 55(e), Ala. R. Civ. P., provides that "[n]o judgment by default shall be entered against minors, incompetents, or parties to an action for divorce or annulment of marriage unless the claimant establishes the party's claim or right to relief by evidence."
[2] While a failure to answer a complaint is a common basis for the entry of a default, a default may be entered on other grounds, including, as in the present case, a failure to appear at trial. See Rule 55(a) (providing for entry of a default when a party fails to "otherwise defend"); Rule 55(b)(1) (referring to the entry of a default for a party's "failure to appear"); Triple D Trucking, Inc. v. Tri Sands, Inc., 840 So.2d 869 (Ala.2002) (note 2 and accompanying text). Where a default is entered because of the failure of the defendant to answer the complaint, there would naturally be a focus on the defendant's motion for relief from the default judgment in the effort to find an articulation of a meritorious defense. See, e.g., Rudolph v. Philyaw, 909 So.2d 200 (Ala.Civ.App.2005).
[3] In particular, we note that the first Kirtland factor  the meritorious-defense factor  weighed against the granting of relief in both Phillips and Philyaw. Kirtland emphasized the first factor as a "threshold prerequisite" to the granting of relief. 524 So.2d at 605.