PER CURIAM.
Linda Head Hambright (“the mother”) appeals from the trial court’s denial of her motion to set aside a default judgment transferring custody of the parties’ minor son[1] to David Jonathan Hambright (“the father”).
This action began on May 28, 2004, when the father filed in the trial court a pleading entitled a “motion for injunctive relief and motion for modification pursuant to the Alabama Parent-Child Relationship Protection Act.” In his pleading, the father alleged, among other things, that he had fully exercised his visitation rights with the child under the parties’ February 26, 2001, divorce judgment and that he and the child had an excellent relationship. He further alleged that the mother had orally informed him that she intended to move to *1186 Jackson, Mississippi. The father requested, among other things, that the trial court enjoin the mother from removing the child from the jurisdiction of the trial court; he also sought a modification of the provisions of the divorce judgment “concerning custody and visitation.”
In her response to the father’s pleading, the mother alleged, among other things, that she and the child had moved from Hoover, Alabama, to Brandon, Mississippi, and that she had provided the father with notice of her intention to move to Mississippi and to permanently reside in that state. The mother further alleged that her motive for the move was a change of employment and that she had obtained a new position with a substantial increase in salary that would provide the child with more advantages in life. She also asserted that the move had not interrupted the father’s visitation with the child and that she and the father met at the Alabama/Mississippi state line to exchange the child for visitation. The mother stated that the move was in the best interest of the child and requested that the trial court permit her to remove the child from the jurisdiction of the trial court.
The mother also counterclaimed for an increase in child support. The mother’s response and counterclaim were filed by M. Judith Barnett, an attorney licensed to practice law in the State of Mississippi but not in the State of Alabama, and John F. Brasfield, an attorney licensed to practice law in the State of Alabama. On July 26, 2004, Barnett filed a “Verified Application for Admission to Practice under Rule VII of the Rules Governing Admission to Alabama State Bar.” In her application, Barnett requested that the trial court permit her to practice law in the State of Alabama for the limited purpose of representing the mother in this action only; Brasfield consented to the association of Barnett as counsel for the mother in this action.
In September 2004, the trial court set this action for a hearing on January 20, 2005; the hearing was ultimately continued until April 4, 2005.
On January 19, 2005, the father filed a motion requesting that the trial court compel the mother to appear for a deposition. In his motion, the father alleged that the mother had failed to attend scheduled depositions on October 24, 2004, November 8, 2004, and December 27, 2004. The father further alleged that Barnett had advised the father’s attorney that she had experienced trouble communicating with the mother in late December 2004 and that she was unable to find the mother. On March 3, 2005, the trial court held a hearing on the father’s motion. On that same day, it entered an order requiring the mother to attend a deposition in Birmingham, Ala-: bama, no later than March 20, 2005. In its March 3, 2005, order, the trial court noted that neither the mother nor her counsel were present at the March 3, 2005, hearing.
The trial court conducted an ore tenus hearing on April 4, 2005; that hearing was not transcribed. On April 6, 2005, the trial court entered a judgment transferring custody of the child to the father, granting the mother specific visitation rights, and ordering the mother to pay monthly child support. In its judgment, the trial court noted that neither the mother nor her counsel were present for the hearing.
On April 8, 2005, Barnett filed a motion to withdraw as counsel for the mother. In her motion, Barnett alleged that the mother had failed to cooperate with her and had failed to contact her for several months. The trial court granted Barnett’s motion on April 11, 2005.
*1187 On May 3, 2005, Brasfield, the mother’s attorney who is licensed to practice in Alabama, filed in open court an appearance on behalf of the mother. Also on May 3, 2005, the mother filed in open court a “motion for emergency hearing” and a motion styled as a “motion to alter, amend, or vacate and petition to show cause.” As grounds in support of her motion, the mother alleged:
“1) On April 4, 2005, a hearing was held on a petition filed by the [father] concerning the [mother’s] relocation. The [mother] hired an attorney in Mississippi, Judith Barnett, to represent her before the Court. Ms. Barnett appeared Pro Hac Vice through Attorney John F. Brasfield. Throughout the intervening months, Attorney Barnett lost contact with the [mother]. The [mother] had a new address and the attorney’s letters to the [mother] were never forwarded to the [mother]. There is no indication from Ms. Barnett if she had tried any other type of search for the mother other than the U.S. Mail. Thus, the [mother] never received notice of the April 4th court date. She was awaiting to hear from her attorney during this period. The [mother] contends that she had properly filed a change of address for[m] when she moved.
“2) Throughout the months in question, the [father] was in frequent contact with the [mother] and exercised regular visitation with the parties’ minor son. The [father] knew where the mother was living and her telephone number. The [father] never mentioned the upcoming Court date nor did he mention anything about the change of custody until the Sunday of the visitation, whereupon he informed the [mother] that she had lost her custody of the minor child. The father’s attorney had knowledge of the inability of the [mother’s] attorney to find [the mother]. Mr. Boyd [the father’s attorney] had contacted, Judith Barnett and John Brasfield in regard to discovery and depositions, earlier in the year and was told by both attorneys that they could not find the [mother].
“3) The [mother] had no reason to disregard or not to appear with this Court. She simply did not receive any notice from her attorney, and from her lack of experience with the legal system and the seemingly smooth relations and visitations with the [father], she thought this matter may have been concluded between the attorneys.
“4) It is within the Court’s discretion to set aside this judgment and set this matter to be heard on the merits of the matter before the trial court.”
The trial court held a hearing on the mother’s postjudgment motion on May 13, 2005; that hearing was not transcribed. On May 16, 2005, the trial court entered an order denying the mother’s postjudgment motion. The mother timely appealed.
The dispositive issue on appeal is whether the trial court exceeded its discretion in denying the mother’s motion to set aside the default judgment.
Rule 55(c), Ala. R. Civ. P., states:
“In its discretion, the court may set aside an entry of default at any time before judgment. The court may on its own motion set aside a judgment by default within thirty (30) days after the entry of the judgment. The court may also set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.”
In Sampson v. Cansler, 726 So.2d 632 (Ala.1998), our supreme court observed:
“In Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988), this Court held that the trial court *1188 has broad discretion in determining whether to grant or to deny a defendant’s motion to set aside a default judgment, but that that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments — judicial economy and the defendant’s right to defend on the merits. Kirtland, 524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
“Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider ‘1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.’ Kirtland, 524 So.2d at 605.”
726 So.2d at 633. Further, it is well settled that,
“[rjegarding the first Kirtland factor, the existence of a meritorious defense,
“ ‘a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury.
“ ‘The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis. Such allegations would constitute a “plausible defense.” ’
“[Kirtland v. Fort Morgan Auth. Serv., Inc.,] 524 So.2d [600] at 606 [(Ala.1988) ]. (citations omitted).
[[Image here]]
“Regarding the third Kirtland factor, culpability of the defaulting party’s conduct,
“ ‘[cjonduct committed wilfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient. Willful and bad faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonre-sponsiveness ....
“ ‘However, a defaulting party’s reasonable explanation for inaction and non compliance may preclude a finding of culpability.’
“524 So.2d at 607-08 (citations omitted).”
Rudolph v. Philyaw, 909 So.2d 200, 203 (Ala.Civ.App.2005).
It is also well settled that, “[rje-garding the second Kirtland factor, the absence of prejudice to the nondefaulting party, ‘the prejudice must be substantial.’ ” Philyaw, 909 So.2d at 203 (quoting Kirtland, 524 So.2d at 607). “[M]ere delay or increased cost is not sufficient to justify a refusal to set aside a default judgment.” Ex parte Gilliam, 720 So.2d 902, 906 (Ala.1998).
*1189 As to the necessity that a defendant demonstrate that he or she meets all three Kirtland factors, particularly with respect to the second Kirtland factor, this court recently stated in Sumlin v. Sumlin, 931 So.2d 40 (Ala.Civ.App.2005):
“We note ... that our Supreme Court in Kirtland did not state which party had the burden of showing each of the Kirtland factors. Obviously, as a general rule, a movant has the burden of demonstrating those elements necessary to justify the trial court in granting the relief requested. This would be particularly appropriate as to the first and third Kirtland factors — the existence of a meritorious defense and the absence of culpability on the part of the movant in allowing the default judgment to occur— in that those factors speak to matters within the knowledge of the movant. The same may not be true of the second factor, however. To put the burden of demonstrating the lack of prejudice to the nonmovant on the movant may be problematic in two ways: (1) its asks the movant to prove a negative, and (2) whether or not the nonmovant has been prejudiced in some manner, such as by the death or other unavailability of a witness, is information more commonly within the knowledge of the nonmovant.
“.... In Phillips v. Randolph, [828 So.2d 269 (Ala.2002),] ... all three of the Kirtland factors weighed in favor of denying the defendant’s motion for relief from the default judgment. ... [A] failure to demonstrate that one or both of the second and third Kirtland factors supports the granting of relief from a default judgment is not necessarily fatal to a motion for such relief....
[[Image here]]
“In Ex parte Gilliam, 720 So.2d [902] at 906 [ (Ala.1998) ], the Supreme Court found fault with the nonmovant for not presenting concrete facts indicating that any witnesses had become unavailable or that any evidence had been lost. Also, in Sampson v. Cansler, 726 So.2d 632 (Ala.1998), the Supreme Court indicated its favorable disposition toward a defendant’s motion for relief from a default judgment on the ground that ‘Ms. Can-sler [the nonmovant] has not argued prejudice except in the form of delay and increased costs.’ 726 So.2d at 635. Further, as recently as December of last year, our Supreme Court stated that ‘common sense dictates that a plaintiff [the nonmovant] is usually in a far better position to know what prejudice might befall him from the delay, and more importantly how substantial that prejudice would be,’ even as it indicated that the Court’s holding in Phillips v. Randolph, 828 So.2d 269, required an initial showing by the movant. Royal Ins. Co. of America v. Crowne Invs., Inc., 903 So.2d 802, 811 (Ala.2004). While this court’s holding in Philyaw was to the same effect as the Supreme Court’s holding in Phillips v. Randolph, both Phillips and Philyaw were cases in which the analysis of all three Kirtland factors weighed against granting relief from the default judgment.”
Sumlin, 931 So.2d at 48-49 (footnote omitted).
In Sumlin, the husband sued the wife for a divorce and sought custody of the parties’ minor daughter. The wife answered and counterclaimed seeking custody of the daughter. Neither the wife nor her attorney appeared for the trial of the case. Consequently, the trial court conducted an ore tenus hearing and entered a default against the wife. Several days later, the trial court entered a judgment of divorce awarding custody of the daughter to the husband. The wife filed a timely motion to set aside the default judgment. *1190 As grounds in support of her motion, the wife alleged that her attorney had a scheduling conflict — specifically, that her attorney had several criminal matters scheduled on the same date and at the same time that the divorce action was set for trial. The wife also alleged that her attorney had tried unsuccessfully on a number of occasions to contact the trial judge to request a continuance; that her attorney had discussed the scheduling conflict with the husband’s attorney but the husband’s attorney had advised the wife’s attorney that the husband’s attorney would have to appear because the husband would not agree to a continuance; and that the wife’s attorney filed a motion to continue and advised the wife not to appear. Thereafter, the trial court entered an order denying the wife’s motion to set aside the default judgment. Sumlin, 931 So.2d at 44.
This court held that the trial court exceeded its discretion in failing to set aside the default judgment, and we reversed the trial court’s judgment and remanded the cause for further proceedings. 931 So.2d at 49. In so holding, this court stated:
“We are aware of no case in which this court or our Supreme Court has held that a ‘consideration’ of the Kirt-land factors and the necessary ‘balancing] of the equities’ made it appropriate to deny relief from a default judgment under circumstances such as those present here. The meritorious-defense factor weighed in favor of such relief, and there is at least a genuine issue as to whether the culpable-conduct factor did also. Neither the record nor the nonmovant suggests that there would be substantial prejudice if relief were granted. Nor do we believe it appropriate to interpret Phillips [v. Randolph, 828 So.2d 269 (Ala.2002),] as supporting a denial of relief under such circumstances, particularly in a case such as this, where so much (the proper custody of a child) is at stake and the record reflects that the defaulting party moved so promptly for relief.
“As noted at the outset, a trial court’s discretion in deciding whether to grant or to deny a motion for relief from a default judgment is not absolute. In reviewing trial-court decisions denying relief from default judgments, we must take care not to abdicate our responsibility as an appellate court to ensure that trial courts, within the discretion afforded them, are fairly balancing the equities in such cases and preserving the ‘strong bias’ in favor of deciding cases on their merits.”
931 So.2d at 49 (emphasis added).
In the present case, as in Sumlin, the mother filed a response before the matter was tried and before the default judgment was entered against the mother. In this case, as in Sumlin, the mother’s response made allegations, that if proven at trial, would constitute a complete defense to the action. We therefore conclude that, based on the record before us, the mother fully satisfied the first Kirtland factor. Turning to the third Kirtland factor, in the present case, as in Sumlin v. Sumlin, there is, at a minimum, a genuine issue as to whether the mother engaged in culpable conduct. Finally, turning to the second Kirtland factor, in the present case, as in Sumlin, neither the record nor the father, the nonmovant, suggests that there would be substantial prejudice if the default judgment was set aside. Finally, and importantly, this case, like Sumlin, involves the important issue of child custody.
Based on Sumlin v. Sumlin, we hold that the trial court exceeded its discretion in this particular case in denying the mother’s motion to set aside the default judgment. Accordingly, the trial court’s judgment is reversed, and the cause is re *1191 manded to the trial court for further proceedings.
REVERSED AND REMANDED.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.
THOMPSON, J., dissents, without writing.

. At the time of the entry of the default judgment, the son was 11 years old; he is now 12 years old.