MOORE, Judge,
concurring specially.
Because I am constrained by the rulings of our supreme court, I concur with the main opinion. I believe that it does not make sense for a party moving to set aside a default judgment to have to allege or prove that the opposing party will not be unfairly prejudiced. As many opinions have noted, the opposing party is obviously in the best position to assert and prove unfair prejudice. See, e.g., Royal Ins. Co. of America v. Crowne Invs., Inc., 903 So.2d 802, 811 (Ala.2004) (“[C]ommon sense dictates that a plaintiff is usually in a far better position to know what prejudice might befall him from the delay, and more importantly how substantial that prejudice would be.... ”). Therefore, the burden should rest on the opposing party to raise and go forward with the issue of unfair prejudice before the movant should have any burden of disproving unfair prejudice. Unless and until the supreme court overrules Phillips v. Randolph, 828 So.2d 269 (Ala.2002), however, this court is bound to place the burden on the movant.
Kenneth Brantley did not assert in either his original letter to the trial court or in his amended motion that Cathy Annette Glover would not be unfairly prejudiced if the default judgment were set aside. My review of the record reveals that it is highly unlikely that she would be. The dispute between the parties centered on whether Glover had fully paid all the moneys due under a promissory note held by Brantley. The terms of the promissory note, which was made a part of the pleadings, were not at issue; the parties contested only the number and timeliness of the installment payments made pursuant to the note. It appears from the exhibits attached to the pleadings that any payments were made solely through transactions between Glover and Brantley. Whatever evidence Glover had to prove full payment at trial on September 28, 2010, almost certainly would have remained in existence on October 15, 2010, when the trial court received the motion to set aside the default judgment.
Nevertheless, it remains that Brantley did not satisfy the technical requirement of raising lack of unfair prejudice in his motion. In Carroll v. Williams, 6 So.3d 463, 468 (Ala.2008), our supreme court clearly indicated that the denial by operation of law of a motion to set aside a default judgment would not be reversed if the movant failed to assert lack of unfair prejudice in the motion. In Sumlin v. Sumlin, *83 931 So.2d 40, 48 (Ala.Civ.App.2005), this court suggested that the failure to assert lack of unfair prejudice should not necessarily be fatal to a motion to set aside a default judgment. I agree with much of the analysis in Sumlin, and I urge the supreme court to adopt that reasoning if it insists that the movant bears the burden of raising and proving lack of unfair prejudice. It seems, at worst, that a movant’s failure to assert lack of unfair prejudice should only be a factor to be considered in determining whether to set aside a default judgment, not a determinant. As stated by our supreme court in Carroll, however, the law demands that we view that deficiency as fatal to Brantley’s appeal.