BRYAN, Judge,
concurring in the result.
The main opinion states:
“[I]n order to trigger the mandatory requirement for the trial court to consider the Kirtland [ v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988),] factors, a party filing a motion to set aside the default judgment must allege and provide arguments and evidence regarding all three of the Kirtland factors. See Carroll v. Williams, 6 So.3d 463, 468 (Ala.2008)....”
84 So.3d at 81. I do not read Carroll v. Williams, 6 So.3d 463 (Ala.2008), as establishing a bright-line rule stating that a trial court need not consider a motion to set aside a default judgment unless each of the Kirtland factors are alleged and supported by argument and evidence. I believe that the language in Carroll cited in the main opinion must be viewed in the context of the facts of that case. In Carroll, the defaulting party, in his motion to set aside the default judgment, completely failed to carry his burden under the framework established by Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988). The defaulting party in Carroll did not address the second and third Kirtland factors in his motion to set aside the default judgment. In addressing the first Kirtland factor, i.e., whether there is a meritorious defense, the defaulting party made only a bare legal conclusion unsupported by evidence, which is an insufficient showing under Kirtland. 6 So.3d at 467-68. Accordingly, the defaulting party in Carroll could not have possibly prevailed on his motion to set aside the default judgment. Thus, it would have been pointless for the supreme court to reverse the judgment and remand the case for the trial court to consider the Kirtland factors.
Carroll did not involve a situation in which a defaulting party presented a meritorious defense but failed to demonstrate one or both of the second and third Kirt-land factors. A defaulting party has the burden of “demonstrating] the existence of a meritorious defense as a threshold prerequisite when seeking to have a default judgment set aside.” Kirtland, 524 So.2d at 605. However, “a failure to demonstrate that one or both of the second and third Kirtland factors supports the granting of relief from a default judgment is not necessarily fatal to a motion for such relief.” Sumlin v. Sumlin, 931 So.2d 40, 48 (Ala.Civ.App.2005). See, e.g., Fries Corr. Equip., Inc. v. Con-Tech, Inc., 559 So.2d 557, 561 (Ala.1990); B.E.H., Jr. v. State ex rel. M.E.C., 71 So.3d 689 (Ala.Civ.App.2011); Calhoun v. Bracknell, 993 So.2d 902, 907 (Ala.Civ.App.2008); and Aldridge v. Hamilton, 708 So.2d 194 (Ala.Civ.App.1997). Thus, I do not think that a defaulting party’s failure to allege, argue, and support all three Kirtland factors before a trial court should necessarily relieve the trial court from having to consider a motion to set aside a default judgment in light of Kirtland. In the appropriate case, a defaulting party may be entitled to relief without demonstrating all three Kirtland *84 factors.[3] See Sumlin (noting that there is a strong bias in favor of deciding cases on the merits, especially when they involve child custody) and other cases cited above.
However, in this case, Kenneth Brant-ley, the defaulting party, did not demonstrate to the trial court the threshold requirement of a meritorious defense. Thus, there is no need to reverse the judgment and remand the case for the trial court to consider the Kirtland factors. Accordingly, I concur in the result.

. I note also that Kirtland states that "a trial court must first presume that a defaulting party has a right to a trial on the merits; and, then, with this presumption in mind, the trial court must consider the three-factor analysis.” 524 So.2d at 608.